Jeanne Marie CONNER, Appellant,

v.

Lorri L. FETTKETHER, Pattison Brothers Mississippi River Terminal, Inc., James E. Pattison and Joyce Pattison, Herbert H. Humiston, and Lori Cushion, Appellees.

No. 63993.

Supreme Court of Iowa.

July 16, 1980.

James L. Beeghly, of Antes, Beeghly & Allbee, West Union, for appellant.

James E. Gritzner, of Mosier, Thomas, Beatty, Dutton, Braun & Staack, and George Lindeman, of Lindeman & Yagla, Waterloo, for appellees.

Considered by REES, P. J., and UHLEN-HOPP, HARRIS, ALLBEE, and McGIVE-RIN, JJ.

HARRIS, Justice.

This appeal challenges, on equal protection grounds, an Iowa statute which allows a person reaching majority a one-year period in which to bring suit on tort claims which arose during minority. This provision is said to contrast with our two-year statute of limitations for personal injury suits. The trial court found nothing in our statutory scheme which offended the guarantees of equal protection and neither do we.

Plaintiff's petition alleges that her injuries occurred April 30, 1976. She attained majority June 2, 1977, and filed this suit on May 8, 1979. Summary judgment was entered by the trial court on the basis of the statute of limitations. The trial court cited sections 614.1(2) and 614.8, The Code 1979. Section 614.1(2) provides:

> Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:
>
> .   .   .   .   .   .
>
> 2.   .   .   .   Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years.

Section 614.8 provides:

> The times limited for actions herein, except those brought for penalties and forfeitures, shall be extended in favor of minors and mentally ill persons, so that they shall have one year from and after the termination of such disability within which to commence said action.

Plaintiff argues that, in order to pass constitutional muster under the equal protection clause of the United States Constitution, Amend. XIV, § 1, as well as Iowa's own equal protection clause of the Iowa Constitution, art. I, § 6, a person attaining majority should be accorded a two-year period in which to bring tort suits. The theory is that the period for such tort suits should match the two-year statute of limitations for personal injury suits brought by persons of majority age.

■  The parties agree that we are not involved with either a fundamental right or suspect classification. Statutes of limitations go to matters of remedy which are not fundamental rights. *State ex rel. Krupke v. Witkowski*, 256 N.W.2d 216, 224 (Iowa 1977). We described the process by which the rational basis test is applied in *Redmond v. Carter*, 247 N.W.2d 268, 271–72 (Iowa 1977).

In order to prevail in her challenge plaintiff would have to establish two things. First, she would be required to show the existence of the classification, the division by effect of the statute into two groups. Upon showing such a classification, plaintiff would then need to show that it lacked a rational relationship to a legitimate state purpose. *Redmond*, 247 N.W.2d at 271. Plaintiff's challenge fails on both counts.

It would be inaccurate to label section 614.8 a statute of limitations. Tort actions can be brought with little difficulty for a minor within the two years provided by section 614.1(2). Iowa R.Civ.P. 12 provides that suits of a minor "shall be brought by his guardian if he have one; otherwise the minor may sue by a next friend  .   .   .   ." Section 614.8 is an extension, given as a matter of grace by the legislature, over and above the two-year period of limitations.

■ Plaintiff seeks to raise the spector of a factual situation in which it would be asserted that section 614.8 would in fact shorten the two-year statute of limitations. This, plaintiff suggests, might occur where the tort cause arose within one year of the attainment of majority. We pass our serious reservations concerning plaintiff's standing to assert such an argument. *But see State v. Henderson*, 269 N.W.2d 404, 405 (Iowa 1978). We do not read section 614.8 to call for any such limitation. The words of the statute plainly provide for an extension, not a limitation, of one year. The section simply could not work the limitation which plaintiff fears.

The effect of the two sections, 614.1(2) and 614.8, is to give a minor tort plaintiff whichever period is longer in which to bring suit. Such a plaintiff has not less than two years under section 614.1(2) to bring suit. The two-year period will however be extended under § 614.8 when its operation extends to a date more than two years beyond when the cause arose. But section 614.8 may operate only to extend, not to reduce, the two-year period allowed under section 614.1(2).

To whatever extent it could be said that a classification is created by sections 614.1(2) and 614.8, The Code 1979, it is eminently reasonable. The public has a legitimate interest in limiting time for bringing suits.

■ There is no denial of equal protection here. It follows that the trial court was right in granting summary judgment to defendant.

AFFIRMED.