## PEOPLE v WHETRO

Docket No. 81671. Submitted June 19, 1985, at Detroit. Decided February 25, 1986.

Byron L. Whetro was convicted on his pleas of guilty in Osceola Circuit Court, Lawrence C. Root, J., of two counts of breaking and entering an occupied dwelling and one count of malicious destruction of property. Defendant was sentenced to ten to fifteen years in prison on each burglary conviction and two years eight months to four years in prison on the malicious destruction of property conviction. There was no discussion by the trial judge at the sentencing hearing as to the nature or manner of the court's application of the sentencing guidelines. Two weeks after the sentencing hearing the court filed the sentence information report (SIR). Defendant appealed, contending that resentencing was mandated because the SIR evidenced that the court improperly scored certain sentencing variables and, as a result, too harsh a minimum sentence was imposed by the trial court. *Held:*

1. If the trial court fails to address the matter of its application of the sentencing guidelines at the sentencing hearing, defense counsel is encouraged to request that the trial court do so; however, the failure to make such a request in this case does not act as a waiver of defendant's right to challenge the accuracy of the calculations contained in the SIR.

2. The matter is remanded to the trial court to afford the defendant the opportunity to challenge the accuracy of the SIR. If the trial court determines that the guidelines provide for a

REFERENCES

Am Jur 2d, Criminal Law §§ 527, 595-599, 602.

Limitation, under Federal Constitution's guarantee of due process of law, as to consideration of personal information about accused in implementation of initial sentence for criminal offense—Federal cases. 63 L Ed 2d 872.

Due process requirements of presentence procedure following conviction. 3 L Ed 2d 1808.

Defendant's right to disclosure of presentence report. 40 ALR3d 681.

See also the annotations in the ALR3d/4th Quick Index under Sentence and Punishment.

lesser minimum sentence and yet determines to depart from the guideline recommendation, the court should articulate the reasons for the departure, both orally at the sentencing hearing and on the SIR.

Sentences vacated and remanded for resentencing.

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — WAIVER.

Trial counsel are encouraged to request that sentencing courts explain on the record how the courts applied the sentencing guidelines; however, the failure of counsel to make such a request does not act as a waiver of a defendant's right to challenge the accuracy of a sentence information report which is filed by the court subsequent to the sentencing hearing.

2. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — QUESTIONS OF FACT.

The question of whether, for the purpose of determining the proper sentence under the sentencing guidelines, a person was a leader or active participant in a multiple offender situation is a question to be decided by the sentencing court on the facts of the particular case.

3. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — ARTICULATION ON THE RECORD.

A sentencing court should state both on the sentencing information report and orally at the time of sentencing any reason for departure from the sentencing guidelines.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James L. Talaske,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *James Krogsrud*), for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. J. CAPRATHE,* JJ.

PER CURIAM. The defendant, Byron Lynn Whetro, pled guilty as charged to two counts of breaking and entering an occupied dwelling, MCL

* Circuit judge, sitting on the Court of Appeals by assignment.

750.110; MSA 28.305, and one count of malicious destruction of property over $100, MCL 750.377a; MSA 28.609(1). He was sentenced on August 6, 1984, to ten to fifteen years for each burglary conviction and two years eight months to four years for the malicious destruction of property conviction, all three sentences to run concurrently. Defendant appeals as of right.

Defendant contends that he must be resentenced because the sentence information report (SIR) filed by the trial judge after the sentencing contained inaccurate scoring and an improper sentence range and consequently failed to state reasons for departing from the proper guideline sentence range. Because we are unable to determine whether the SIR is accurate, we remand this case to the trial court for resentencing.

We note, initially, that this case does not involve the use of inaccurate information by the sentencing court. By claiming that the SIR was inaccurately scored, defendant merely challenges the trial court's application of the facts to the sentencing guidelines. Normally, allocation of points on the SIR is discretionary, and, unless counsel voices a specific objection to the point assessment at the time of sentencing, this Court will not upset such allocation. However, in the present case neither the trial judge nor counsel discussed the sentencing guidelines on the record at the sentencing. The judge apparently did not prepare and file a SIR until two weeks after the sentencing. Thus, defendant did not have an opportunity prior to sentencing to review the SIR or to suggest an appropriate scoring. If the judge does not address the guidelines at the time of sentencing, we encourage counsel to request that the judge do so. See, for example, *People v Love,* 144 Mich App 374; 375 NW2d 752 (1985). However, we do not consider

defendant's failure to do so in this case to be a waiver of his right to challenge the accuracy of the SIR. Since use of the sentencing guidelines is mandatory, finding a waiver in a case where the judge failed to offer the defendant an opportunity to challenge the judge's guidelines calculations and conclusions would undermine our Supreme Court's directive that judges use the guidelines in imposing sentences for offenses included in the guidelines. See Supreme Court Administrative Order 1984-1, 418 Mich lxxx. Because we do not find a waiver in the present case, we will address defendant's allegations regarding the accuracy of the SIR.

The SIR indicates that the trial judge calculated a prior record variable (PRV) level of F and an offense variable (OV) level of III, for a minimum sentence range on one of the burglary convictions of sixty to one hundred twenty months. The minimum sentence actually imposed (ten years) was thus the highest minimum allowed by that sentence range. Defendant contends that this range was incorrect because the judge erred in scoring two of the offense variables. He contends that the minimum sentence range should have been eighteen to thirty-six months.[1] Specifically, defendant alleges that OV 9 (offender's role) should have been two points rather than three points because it was not proven or admitted that defendant was the leader in the criminal enterprise. Defendant also argues that it was improper for the judge to score three points for OV 24 (wanton or malicious damage) since the guidelines provide that points should be assessed for that variable only where

---

[1] It appears that appellate counsel may have miscalculated the PRV score and level. If PRV 1 (prior high severity felony convictions) is zero points, it is impossible for PRV 3 (prior high severity similar felony convictions) to be six points, as scored by appellate counsel.

the property damage is not formally charged. Defendant points out that he was convicted of malicious destruction of property.

We do not here decide whether these variables were properly scored. We note, however, that it is for the sentencing judge to conclude from the facts of the case whether defendant was a leader or an active participant in a multiple offender situation. See *People v Benson,* 142 Mich App 720; 370 NW2d 16 (1985). Further, in response to defendant's contention that the trial judge should not have assessed any points for OV 24, we note that, while defendant was separately convicted of malicious destruction of property with respect to one of the burglaries, there was no such conviction as to the other burglary. Thus it may have been proper for the judge to assess points for OV 24 as to one of the breaking and entering convictions.

On remand the trial judge should give defendant an opportunity to challenge the accuracy of the SIR filed in this case. If defendant does so, the judge then should decide what points should be scored for the appropriate variables, based on the facts of the case, and determine the proper sentence range. The trial judge should amend the SIR if changes are made.

Further, if the trial judge departs from the guidelines, he should state the reasons for departure both on the SIR and on the record at the time of resentencing. *People v Fleming,* 142 Mich App 119, 123; 369 NW2d 499 (1985). We agree with the *Fleming* panel's conclusion that our Supreme Court intended that departure reasons be placed on the record, although we recognize that the panel in *People v Good,* 141 Mich App 351; 367 NW2d 863 (1985), held to the contrary. Logically, the same justification for requiring the judge to articulate the reasons in support of the sentence

imposed, i.e., a more complete record on appeal, also applies to the judge's articulation of the reasons for departing from the guidelines.[2] We also believe that placing the reasons for departure on the record promotes greater utilization of the guidelines.

In the future, trial judges should determine the proper guidelines variables and the resulting sentence range at the time of sentencing. Counsel should be given an opportunity to argue for corrections, after which the judge can make appropriate changes.[3] We believe that providing the guidelines variables and sentence range to the defendant prior to imposition of the sentence will avoid sentences based on inaccurate information.

We vacate the sentences imposed and remand this case to the lower court for resentencing in accordance with this opinion. We do not retain jurisdiction.

[2] We do not agree with the *Fleming* panel's conclusion that placing the reasons for departure on the record, as opposed to only on the SIR, will prevent sentences based on inaccurate information. If the defendant has an opportunity prior to sentencing to challenge information contained in either the presentence investigation report (PSIR) or the SIR but fails to do so, then the judge has a right to consider as admitted any facts contained in either of those reports. Once the judge states the reasons for the sentence and, if applicable, the reasons for departing from the guidelines, the sentence will already have been imposed. Allowing a defendant to wait until after the sentence is imposed to challenge information contained in a PSIR or SIR which was available to him prior to sentencing would allow the defendant to undermine the sentencing process.

[3] We acknowledge that, as a practical matter, the SIR cannot be finalized until after the sentencing hearing, since changes often are required after both sides argue their interpretation of the facts of the case. However, if the trial judge proceeds as we have here suggested, we do not believe it will matter if the final SIR is completed and filed a few days after the sentence is imposed.