# IN THE SUPREME COURT OF IOWA

No. 122 / 05-1075

Filed February 9, 2007

**LAURA J. PERKINS** by DAVID M. PERKINS, Her Parent and Next Friend,

Appellant,

vs.

**DALLAS CENTER-GRIMES COMMUNITY SCHOOL DISTRICT**,

Appellee.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

Plaintiff appeals from summary judgment for defendant in personal injury case. **DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

Randy V. Hefner and Matthew J. Hemphill of Hefner & Bergkamp, P.C., Adel, for appellant.

Jason T. Madden and Karin A. Stramel of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

**LARSON, Justice.**

Laura Perkins was injured in an accident at a Dallas Center-Grimes school. Her father, David Perkins, sued the school district on her behalf. The district court granted the defendant's motion for summary judgment on statute-of-limitation grounds, and the court of appeals affirmed. We affirm the decision of the court of appeals and the judgment of the district court.

## I. *Facts and Prior Proceedings.*

On February 27, 2001, Laura Perkins was participating in a school event when she injured her hand and wrist by putting them through a glass door at the school. On April 19, 2002, an attorney representing Perkins sent a letter to the school's insurance adjuster notifying him that the attorney had been retained by Perkins to pursue her claim for injuries sustained on the school's premises. The letter requested that the adjuster contact the attorney to discuss resolution of the claim.

Perkins filed suit on August 12, 2004, against the school district, alleging negligence for failure to install safety glass in the door and failure to inspect it. The school moved for summary judgment on the ground that Iowa Code section 670.5 (2003) barred the claim as untimely. The district court granted summary judgment, concluding that Perkins did not comply with the requirements of section 670.5 regarding timely notice of the injury and bringing the lawsuit within the time provided. Further, the district court ruled that the tolling provision for minors in Iowa Code section 614.8 did not apply to claims brought under chapter 670.

## II. *Standard of Review.*

Review of a ruling on a motion for summary judgment is for correction of errors at law. Iowa R. App. P. 6.4; *Clinkscales v. Nelson Sec., Inc.*, 697 N.W.2d 836, 840-41 (Iowa 2005). Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). When the facts are undisputed and the only dispute concerns the legal consequences flowing from those facts, the court must determine whether the district court correctly applied the law. *City of West Branch v. Miller*, 546 N.W.2d 598, 600 (Iowa 1996). The facts of this case are not in dispute.

## III. *Discussion.*

The school district is a municipal defendant, as defined by Iowa Code section 670.1(2), a part of our Municipal Tort Claims Act. A municipality under chapter 670 is only liable in tort as provided by that chapter. *See* Iowa Code § 670.2; *City of Cedar Falls v. Cedar Falls Cmty. Sch. Dist.*, 617 N.W.2d 11, 18 (Iowa 2000) ("Suits against the government may be maintained only to the extent immunity has been expressly waived by the legislature."). Iowa Code section 670.5 provides a time period within which a plaintiff must file notice and bring suit against a municipal defendant:

> Every person who claims damages from any municipality . . . on account of any wrongful death, loss or injury within the scope of section 670.2 or section 670.8 or under common law shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. . . . No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by the injury from giving such notice.

Iowa Code § 670.5 (transferred from Iowa Code § 613A.5 by the code editor for Code 1993).

We have done surgery twice on section 670.5 and its predecessor, section 613A.5.  In *Harryman v. Hayles*, 257 N.W.2d 631 (Iowa 1977), we held that section 613A.5's requirement that an incapacitated plaintiff must sue within ninety days of the injury was unconstitutional as a denial of equal protection.  We held that such a person should have sixty days following termination of the incapacity to bring the action.  *Harryman*, 257 N.W.2d at 635.  In *Harryman* we were careful to only excise that part of the statute that limited an incapacitated plaintiff's ability to bring suit; the rest of the statute was left intact.  The reason for striking only part of the statute was that,

> [i]f it appears the legislature would probably have enacted the statute even if the objectionable part had been omitted and if it appears the statute can still accomplish the principal legislative purpose, the remaining valid part is said to be severable from the invalid.  In such cases our obligation is to save as much of the statute as possible, eliminating only that which is necessary to make it constitutionally sound.
>
> Applying those principles to this case, we hold § 613A.5 is a valid and enforceable statute except for the words "not to exceed 90 days."  Those words are stricken.  The statute with this modification is valid and enforceable.
>
> We now hold a person incapacitated as provided in § 613A.5 has 60 days following the termination of his incapacity to give the statutory notice of injury.

*Id.* at 635.

We voided another part of the statute in *Miller v. Boone County Hospital*, 394 N.W.2d 776 (Iowa 1986), holding the statute's requirement that a plaintiff commence an action within six months after injury unless notice is provided to the municipality within sixty days was an unconstitutional violation of the equal protection provisions of the Iowa and United States Constitutions.  *Miller*, 394 N.W.2d at 780.  We held that the loss of a cause of action because of "[f]ailure to commence an action within

six months unless a notice is given within 60 days arbitrarily bars victims of governmental torts while victims of private torts suffer no such bar." *Id.*

Unfortunately, *Miller* was unclear whether section 670.5 was to be held unconstitutional in its entirety or merely the provision requiring filing an action within six months if notice is not given within sixty days. The plaintiff in this case argues that "*Miller* . . . struck down section 670.5 in its entirety." The plaintiff relies on language that, if taken in isolation from the rest of the *Miller* holding, might suggest a broader holding than was actually intended. We said in *Miller* that, "because section 613A.5 is unconstitutional, we hold that Iowa Code chapter 614 is the applicable statute of limitations for all actions arising under chapter 613A." 394 N.W.2d at 781.

Any doubt regarding the breadth of our holding in *Miller*, however, was cleared up in *Clark v. Miller,* 503 N.W.2d 422 (Iowa 1993). In *Clark* we held that only the statute's requirement of filing suit in six months or giving notice within sixty days had been stricken. 503 N.W.2d at 425. We relied on this rationale:

> Severance of unconstitutional provisions from constitutional portions of a statute is appropriate if it does not substantially impair legislative purpose, the enactment remains capable of fulfilling the apparent legislative intent, and the remaining portion of the enactment can be given effect without the invalid provision. . . .
>
> We find the provisions of section 613A.5 can be severed to exclude the unconstitutional portion of the statute while retaining the remaining portion.

*Id.* at 425 (citation omitted). We held that the portion of section 670.5 remaining after excising the requirement for suit in six months or notice within sixty days was valid. Thus, the time limitation for filing suit under chapter 670, we said, was "two years after timely notice of the claim has been given . . . ." *Id.* at 425. We specifically rejected the argument the

plaintiff makes in this case—that section 670.5 is void in its entirety. The two-year limitation from notice of the claim is still valid. In this case, the plaintiff gave notice of the injury on April 19, 2002, and filed suit on August 12, 2004. This was beyond the two-year limitation of section 670.5 and therefore is barred.

The plaintiff has an alternative argument. Perkins was a minor at the time of the accident. Our general statute of limitations, in section 614.8(2), provides this with respect to claims by minors:

> [T]he [time limits] for actions in this chapter, except those brought for penalties and forfeitures, are extended in favor of minors, so that they shall have one year from and after attainment of majority within which to commence an action.

Here, the plaintiff contends she is entitled to the benefit of section 614.8(2) because of language in *Miller* that, because the sixty-day notice requirement was invalid, "Iowa Code chapter 614 is the applicable statute of limitations for all actions arising under chapter 613A." *Miller*, 394 N.W.2d at 781. She argues that, by incorporating chapter 614, *Miller* intended to suggest that the tolling provision of section 614.8(2) would be incorporated as well.

However, nothing in *Miller* or any of our other cases has indicated that the tolling provision was intended to be read into section 670.5. In *Conner v. Fettkether*, 294 N.W.2d 61, 63 (Iowa 1980), we said the tolling provision of section 614.8 is "an extension, not a limitation," so *Miller*'s reference to the *limitation* provisions of chapter 614 would necessarily exclude section 614.8(2). Moreover, we held in *Harden v. State*, 434 N.W.2d 881, 884 (Iowa 1989), that

> the tolling provisions of section 614.8 do not apply to statutes of limitation outside of chapter 614. Section 614.8 states that it applies to the "times limited for actions herein," and is, therefore, limited by its own language to chapter 614. . . .

> A review of the statutes of limitation located outside of chapter 614 demonstrates that the legislature will make specific provisions for tolling when it intends to do so.

In *Harden* we gave examples in which the legislature had incorporated tolling provisions into statutes outside chapter 614. *Id.*

The Iowa legislature has never indicated any intent to incorporate a tolling provision in chapter 670, and we decline to do so by relying on the broad language of *Miller*. *Miller* did not even involve a claim by a minor. *See Schultze v. Landmark Hotel Corp.*, 463 N.W.2d 47, 49 (Iowa 1990) ("Ordinarily, we may not, under the guise of judicial construction, add modifying words to the statute or change its terms."); 2A Norman J. Singer, *Statutes and Statutory Construction* § 47.38, at 395 (2000 rev.) ("In construing a statute, it is always safer not to add to or subtract from the language of a statute unless imperatively required to make it a rational statute.").

In summary, we hold that *Miller* did not invalidate section 670.5 in any respect except its requirement for the sixty-day notice. The two-year limitation in that statute remains intact. As we said in *Clark*, the two-year limitation to bring suit begins with "timely" notice of the claim. *Clark*, 503 N.W.2d at 425. "Timely" notice, we believe, means notice within a reasonable time after the injury. Here, the defendant argues that the plaintiff's notice of injury (a little over a year after the injury) was not timely. However, we need not resolve that issue because, in any event, more than two years had elapsed between the notice and the filing of the suit. The suit was therefore not timely under section 670.5. Further, the plaintiff's case is not rendered timely by the tolling provision of section 614.8(2). We affirm the decision of the court of appeals and the judgment of the district court.[1]

---

[1]We note parenthetically that section 670.5 has not been amended to reflect the holdings in our cases of *Harryman* (decided in 1977) and *Miller* (decided in 1986). These cases voided significant portions of the statute as it now exists. As a result, a researcher

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except Wiggins, J., who dissents, and Hecht and Appel, JJ., who take no part.

---

would be seriously misled by relying on the statute in its present form. We respectfully urge the legislature to examine the statute and clarify its present status in view of our rulings.

#122/05-1075, *Perkins v. Dallas Center-Grimes Cmty. Sch. Dist.*

**WIGGINS, Justice (dissenting).**

I dissent. Under today's ruling we create two separate rules governing the statute of limitations for claims against governmental entities. The first rule applies when a party fails to give notice to a governmental entity within sixty days of the wrongful death or loss of injury. In this situation Iowa Code chapter 614 is the applicable statute of limitations. *Miller v. Boone County Hosp.*, 394 N.W.2d 776, 781 (Iowa 1986). Chapter 614 extends the limitations period for minors "so that they shall have one year from and after attainment of majority within which to commence an action." Iowa Code § 614.8(2).

The second rule applies when a party gives notice to a governmental entity within sixty days of the wrongful death or loss of injury. Under today's decision the statute of limitations period ends two years after notice is given and section 614.8(2) will not extend the limitations period.

Applying two different sets of rules to claims against governmental entities makes no sense to me. Although I agree with the majority that we have done surgery twice on Iowa Code section 670.5,[2] I do not believe section 670.5 survived the second surgery.

In *Miller* we said: "because section [670.5] is unconstitutional, we hold that Iowa Code chapter 614 is the applicable statute of limitations for all actions arising under chapter [670]." *Miller,* 394 N.W.2d at 781. To me that means we held the entire statute unconstitutional. A review of *Miller* confirms my understanding.

In *Miller* the district court dismissed the plaintiffs' claim for failure to give the defendant, a governmental entity, notice of their claim under

---

[2]Iowa Code section 670.5 was formerly number as 613A.5. In this dissent all references to chapter 613A and section 613A.5 will be referred to as chapter 670 and section 670.5, respectively.

section 670.5. *Id.* at 777. On appeal the plaintiffs alleged the notice requirements of section 670.5 violated equal protection. *Id.* In our equal protection analysis we focused on whether a rational basis existed to require a sixty-day notice in tort claims against a governmental entity when no such notice was required for other tort claims. *Id.* at 778-79.

We noted the sixty-day notice requirement did not protect governmental entities from stale claims "because plaintiffs bear the burden to prove negligence, any difficulty in proof in cases arising after sixty days would beset them as well as defendants." *Id.* at 779. We also noted the sixty-day notice did not promote early settlement of claims because "[t]he extent of a person's injuries is often unknown for months, and settlement is unlikely to occur under such circumstances." *Id.* at 780. Finally, we stated the sixty-day notice requirement did not lead to the early repair of defective conditions. *Id.*

We then held there was no rational basis justifying the legislature's requirement that a person with a tort claim against a governmental entity give a sixty-day notice as a condition of commencing a claim when the legislature did not require a sixty-day notice as a condition of commencing a claim against a nongovernmental entity. *Id.* at 780-81. As a consequence of holding the sixty-day notice requirement violated equal protection, we held the six-month limitation was also unconstitutional because to allow the six-month limitation to bar the plaintiffs' cause of action would give effect to the sixty-day notice requirement of section 670.5. *Id.* at 780. Accordingly, we meant what we said in *Miller,* "section [670.5] is unconstitutional, [and] Iowa Code chapter 614 is the applicable statute of limitations for all actions arising under chapter [670]." *Id.* at 781.

Seven years later this court without any analysis or explanation found a rational relationship to a legitimate government interest existed

between the sixty-day notice and the commencement of a tort claim against a governmental entity. *Clark v. Miller*, 503 N.W.2d 422, 425 (Iowa 1993). There we stated:

> Allowing the statute of limitations to be extended so as to permit a filing of an action within two years after timely notice of the claim has been given does not violate equal protection guarantees. *To allow a person to commence a tort action against a unit of local government within two years after giving timely notice is not patently arbitrary. Such a provision bears a rational relationship to a legitimate governmental interest. The objective of such an extension is not to bar stale claims, but to encourage prompt reporting of claims.* We find the remaining portion of section [670.5] fulfills an apparent legislative intent. Similar statutory authority extending the time to begin a suit is provided in the Iowa Tort Claims Act.

*Id.* (emphasis added).

*Miller* and *Clark* cannot be reconciled. In *Miller* the plaintiffs did not give notice. There we held the sixty-day notice was not rationally related to a legitimate government interest and applied the statute of limitations found in chapter 614. In *Clark* the plaintiff gave a sixty-day notice. There we held the sixty-day notice was rationally related to a legitimate government interest and applied the limitation period in section 670.5.

The analysis in *Miller* concentrated on the sixty-day notice requirement and held the sixty-day notice requirement under section 670.5 violated equal protection. *Miller,* 394 N.W.2d at 780-81. Once we found the sixty-day notice provision of section 670.5 violated equal protection, we found the entire statute unconstitutional. *Id.* at 781. *Clark* was wrong to hold otherwise. *Miller* was correct when it held the statute of limitations found in chapter 614 is applicable to claims under chapter 670. I can see no reason to depart from the holding in *Miller.* Accordingly, I would overrule *Clark* and apply the statute of limitations contained in chapter 614 in this case.

Normally, when a plaintiff's claim is based on injury to the person, a two-year statute of limitations is applicable. Iowa Code § 614.1(2). However, at the time of the accident, Perkins was a minor. A minor's statute of limitations is extended "so that they shall have one year from and after attainment of majority within which to commence an action." *Id.* § 614.8(2). Perkins reached her majority on August 7, 2006. Her parents filed this suit on her behalf on August 12, 2004, well within the time limits of the extended limitations period. Accordingly, I would reverse the judgment of the district court and allow the case to proceed to trial.