# IN THE SUPREME COURT OF IOWA

No. 67 / 06-0094

Filed August 17, 2007

**BRITTANI RUCKER**,

    Appellant,

vs.

**HUMBOLDT COMMUNITY SCHOOL
DISTRICT, HUMBOLDT HIGH SCHOOL,
and ROBERT HOFFMAN, BAND DIRECTOR**,

    Appellees.

_____

Appeal from the Iowa District Court for Humboldt County, Kurt L. Wilke, Judge.

Plaintiff appeals summary judgment for defendant in personal injury case. **AFFIRMED.**

Frederick W. James of The James Law Firm, P.C., Des Moines, for appellant.

Stephen G. Kersten of Kersten Brownlee Hendricks, L.L.P., Fort Dodge, for appellees.

**STREIT, Justice.**

Sometimes it pays to be a kid, but in this case it does not. When Brittani Rucker was sixteen years old, she collapsed and suffered injuries while participating in a parade with her high school's marching band. Approximately two-and-a-half years later she filed suit against Humboldt Community School District, Humboldt High School, and the band director alleging their negligence caused her injuries. The defendants filed a motion for summary judgment arguing Rucker's claim was untimely because she was required to file her claim within two years of her injury. Rucker countered Iowa Code section 614.8 (2005) extended the time to file her claim to one year after her eighteenth birthday. The district court ruled in favor of the defendants, holding section 614.8 does not apply to claims against municipalities under chapter 670. We affirm.

## I.     Facts and Prior Proceedings

Rucker was a member of the Humboldt High School Band. On May 27, 2002, Rucker marched with the band in the Humboldt Memorial Day Parade. It was hot and muggy. Following the band's performance at the band shell in Bicknell Park, the band members were instructed to remain at attention and listen to the guest speeches. During one of these speeches, Rucker was injured when she collapsed and fell forward landing on her chin and face. She was sixteen years old at the time. Rucker turned eighteen on February 5, 2004.

Rucker filed this lawsuit on January 31, 2005. She alleged Robert Hoffman, the band director, was negligent in failing to supply water to the band members and failing to recognize the signs of heat stroke, heat exhaustion, and/or dehydration. She alleged the Humboldt Community

School District and Humboldt High School were liable for Hoffman's negligent acts under the doctrine of respondeat superior.

The defendants (hereafter collectively "Humboldt") asserted the affirmative defense of the statute of limitations in their amended answer. Humboldt then moved for summary judgment. Humboldt argued Rucker's claim was time barred because she failed to file it within two years of her injury. Rucker countered her claim was timely because she filed it within one year after her eighteenth birthday. The district court granted Humboldt's motion for summary judgment, holding Iowa Code section 614.8, which tolls the statute of limitations for minors, does not apply to actions against municipalities. Rucker appealed.

## II.    Standard of Review

We review orders granting summary judgment for correction of errors at law. *Green v. Racing Ass'n of Cent. Iowa*, 713 N.W.2d 234, 238 (Iowa 2006) (citing *Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 27 (Iowa 2005)).

> "A motion for summary judgment should only be granted if, viewing the evidence in the light most favorable to the nonmoving party, 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' "

*Id.* (quoting *Otterberg*, 696 N.W.2d at 27).

## III.    Merits

The issue before us is whether Iowa Code section 614.8, which tolls the statute of limitations for minors in some actions, applies to the present case. For the reasons that follow, we conclude it does not.

Iowa Code chapter 670 is the exclusive remedy for torts against municipalities and their employees. *See* Iowa Code § 670.4; *City of*

*Cedar Falls v. Cedar Falls Cmty Sch. Dist.*, 617 N.W.2d 11, 18 (Iowa 2000) ("Suits against the government may be maintained only to the extent immunity has been expressly waived by the legislature."). Humboldt Community School District and Humboldt High School are "municipalities" as defined by Iowa Code section 670.1(2). Rucker's claims against Hoffman are also subject to Iowa Code chapter 670 because Hoffman is being sued in his capacity as a municipal employee. *See* Iowa Code § 670.2.

Iowa Code section 670.5 provides a time period within which a plaintiff must file notice and bring suit against a municipal defendant:

> Every person who claims damages from any municipality . . . on account of any wrongful death, loss or injury within the scope of section 670.2 or section 670.8 or under common law shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. . . . No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by the injury from giving such notice.

We have previously held two portions of section 670.5 and its predecessor, section 613A.5, unconstitutional. In *Harryman v. Hayles*, 257 N.W.2d 631 (Iowa 1977), we held the requirement that an incapacitated plaintiff must sue within ninety days of an injury was a denial of equal protection. *Harryman*, 257 N.W.2d at 634–35. We held an incapacitated individual shall have sixty days following the termination of the incapacity to bring suit. *Id.* at 635. We left the rest of the statute intact. *Id.* In *Miller v. Boone County Hospital*, 394 N.W.2d

776 (Iowa 1986), we held the statute's requirement that a plaintiff commence an action within six months after injury unless notice was provided to the municipality within sixty days was also a denial of equal protection. *Miller*, 394 N.W.2d at 780. There, we said "because section 613A.5 [now 670.5] is unconstitutional, we hold that Iowa Code chapter 614 is the applicable statute of limitations for all actions arising under chapter 613A [now 670]." *Id.* at 781.

In a later case, we clarified that our *Miller* opinion struck down only the provision requiring commencement of an action within six months if notice is not given within sixty days. *Clark v. Miller*, 503 N.W.2d 422, 425 (Iowa 1993). In *Clark*, we held a plaintiff suing a municipality under chapter 670 still had the *option* of providing "timely notice" to the municipality. *Id.*; *see Perkins v. Dallas Center-Grimes Cmty. Sch. Dist.*, 727 N.W.2d 377, 381 (Iowa 2007) (stating "[t]imely notice, we believe, means notice within a reasonable time after the injury"). Under such a scenario, the limitation for filing suit under chapter 670 is "two years after timely notice of the claim has been given." *Clark*, 503 N.W.2d at 425. If a plaintiff does not give timely notice of his claim to the municipality, then the applicable statute of limitations is found in chapter 614. *Miller*, 394 N.W.2d at 781. Iowa Code section 614.1(2) requires a plaintiff to file suit within two years from the date of injury.

In the present case, Rucker concedes she did not provide notice (timely or otherwise) to Humboldt. Thus, she was required to file suit within two years from May 27, 2002, the date of her injury. She did not do so. Consequently, her claim is barred.

Rucker argues our holding in *Miller* incorporated chapter 614's tolling provision for minors with respect to claims against municipalities. Section 614.8(2) provides "[t]he times limited for actions in this chapter . . . are extended in favor of minors, so that they shall have one year from and after attainment of majority within which to commence an action." Under this theory, Rucker's claim, which she filed on January 31, 2005, was timely because she had until February 5, 2005 to bring suit.

> We recently rejected this argument in *Perkins.* There, we said:
>
> > [N]othing in *Miller* or any of our other cases has indicated that the tolling provision was intended to be read into section 670.5. In *Conner v. Fettkether*, 294 N.W.2d 61, 63 (Iowa 1980), we said the tolling provision of section 614.8 is "an extension, not a limitation," so *Miller*'s reference to the *limitation* provisions of chapter 614 would necessarily exclude section 614.8(2). Moreover, we held in *Harden v. State*, 434 N.W.2d 881, 884 (Iowa 1989), that "the tolling provisions of section 614.8 do not apply to statutes of limitation outside of chapter 614. Section 614.8 states that it applies to the 'times limited for actions herein,' and is, therefore, limited by its own language to chapter 614 . . . ."

*Perkins*, 727 N.W.2d at 380. In short, we held "[t]he Iowa legislature has never indicated any intent to incorporate a tolling provision in chapter 670, and we decline[d] to do so by relying on the broad language of *Miller*." *Id.* at 381. We see no reason to revisit our holding in *Perkins. See McElroy v. State*, 703 N.W.2d 385, 394 (Iowa 2005) (noting "[w]e do not overturn our precedents lightly and will not do so absent a showing the prior decision was clearly erroneous"). Iowa Code section 614.8 does not save Rucker's claim.

In *Perkins*, we noted "section 670.5 ha[d] not been amended to reflect the holdings in our cases of *Harryman* (decided in 1977) and *Miller* (decided in 1986). . . . We respectfully urge[d] the legislature to examine the statute and clarify its present status in view of our rulings." *Perkins*,

727 N.W.2d at 381 n.1.  Shortly thereafter, the legislature did amend section 670.5.  It now states:

> Except as provided in section 614.8, a person who claims damages from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss, or injury . . . shall commence an action therefor within two years after the alleged wrongful death, loss or injury.

2007 Iowa Acts, S.F. 384, § 5.  The legislature simplified the statute by removing the notice requirement.  It also changed the statute so that the tolling provision for minors found in section 614.8 now applies to municipal tort claims.  Likewise, section 614.8(2) was amended so that it now reads "the times limited for actions in this chapter, or *chapter . . . 670 . . .* are extended in favor of minors, so that they shall have one year from and after attainment of majority within which to file a complaint . . . ."  *Id.* § 2 (emphasis added).  These amendments do not change the outcome in this case because they only apply to claims "arising out of an alleged death, loss, or injury occurring on or after July 1, 2007."  *Id.* § 6.

## IV.   Conclusion

Rucker's claim against Humboldt is barred by the statute of limitations because she did not file her claim within two years of the date of her injury.  The tolling provision for minors found in section 614.8 does not apply to claims brought under chapter 670 for injuries occurring before July 1, 2007.

**AFFIRMED.**

All justices concur except Wiggins, Hecht, and Appel, JJ., who dissent.

No. 67 / 06-0094, *Rucker v. Humboldt Community School*

**WIGGINS, Justice (dissenting).**

I dissent. In *Miller v. Boone County Hospital*, this court held "because section [670.5] is unconstitutional, we hold that Iowa Code chapter 614 is the applicable statute of limitations for all actions arising under chapter [670]." 394 N.W.2d 776, 781 (Iowa 1986). In *Perkins v. Dallas Center Grimes Community School District*, the majority resurrected part of Iowa Code section 670.5. 727 N.W.2d 377, 381 (Iowa 2007). There, the majority held if a claimant gave notice of an injury to a governmental entity, the claimant has two years from the date of giving notice to file an action.

In today's decision, the majority completes section 670.5's resurrection by holding if the claimant fails to give any notice, a two-year statute of limitations applies. Today's decision is not only contrary to this court's holding in *Miller*, but it also rewrites the statute in a manner inconsistent with the present legislative intent.

Prior to this court's decision in *Miller*, the two-year limitation period contained in section 670.5 only applied if the claimant gave notice of an injury. Under the plain language of section 670.5, the statute shortened the limitations period to six months if the claimant did not give notice. Iowa Code § 670.5. In *Miller*, this court held "[f]ailure to commence an action within six months unless a notice is given within 60 days arbitrarily bars victims of governmental torts while victims of private torts suffer no such bar." *Miller*, 394 N.W.2d at 780. Accordingly, in *Miller* this court held the six-month limitations period unconstitutional. *Id.*

It is not this court's function to write a new statute when the court finds a portion of the statute unconstitutional. When the legislature fails to act after this court finds a statute to be unconstitutional, our proper function is to determine what statute of limitations applies under the facts presented.

For the reasons stated in my dissent in *Perkins*, sections 614.1(2) and 614.8(2) should apply to Rucker's claim. *See Perkins*, 727 N.W.2d at 381-83 (Wiggins, J., dissenting). Sections 614.1(2) and 614.8(2) extend the time Rucker can file her claim for one year from and after her attainment of majority. Iowa Code §§ 614.1(2), 614.8(2).

Additionally, the application of chapter 614 to Rucker's claim is consistent with the present legislative intent. Subsequent to our decision in *Perkins*, the legislature amended section 670.5 to extend a claimant's statute of limitations for one year from and after the attainment of majority. 2007 Iowa Acts, S.F. 384, §§ 2, 5.

The majority discounts the enactment of this statute as evidencing legislative intent because its effective date was only to claims "arising out of an alleged death, loss, or injury occurring on or after July 1, 2007." *Id.* § 6. I disagree. The legislature had to delay the enactment of the statute to avoid barring the claims of those persons who gave notice under the statute as resurrected by *Perkins* because those giving notice have two years from the date of giving notice to file a claim, rather than two years from the date of injury to file a claim.

Therefore, because Rucker was a minor, her statute of limitations is extended for one year from and after her attainment of majority. Iowa Code § 614.8(2).

Hecht and Appel, JJ., join this dissent.