# IN THE COURT OF APPEALS OF IOWA

No. 17-1324
Filed July 18, 2018

**EAST IOWA PLASTICS, INC.,**
    Plaintiff-Appellant,

**vs.**

**HARTFORD CASUALTY INSURANCE COMPANY,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Buchanan County, Joel A. Dalrymple, Judge.

An insured appeals a ruling granting the insurer's summary judgment motion based upon a policy exclusion. **AFFIRMED.**

David W. Hosack of Roberts, Stevens & Prendergast, P.L.L.C., Waterloo, for appellant.

Peter E. Kanaris and Jefferson D. Patten of Fisher Kanaris, P.C., Chicago, Illinois, pro hac vice, and Martin J. Demoret of Faegre Baker Daniels L.L.P., Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

East Iowa Plastics, Inc. (EIP) appeals the district court ruling granting summary judgment to Hartford Casualty Insurance Company (Hartford). On appeal, EIP argues the district court improperly relied on Hartford's statement of undisputed facts.

**I. Background Facts and Proceedings.**

In April 2016, EIP filed a petition against Hartford, their insurer, for breach of contract, claiming Hartford failed to compensate EIP in full for damages to their property arising from an incident in April 2014. In April 2014, flooding occurred in the EIP building when the underground fire suppression system became disconnected from the underground water service line. To repair the damage, the floor and an office above the line were excavated, the pipes were reconnected, a portion of the concrete floor was re-poured where the floor was excavated, and a new office was constructed. Hartford paid EIP $25,543.27 for the repairs. EIP claims Hartford is liable for additional damages to repair another portion of the concrete floor, measuring twenty-five by one hundred feet, which settled a few inches. The insurance policy contains an exclusion for damage caused by earth movement, including settling as a result of water underneath the ground surface.

Hartford filed a motion for summary judgment in May 2017, arguing the settlement of a portion of the building's concrete floor was caused by soil underneath the floor compacting after water leaked from the underground pipe and the damage was explicitly excluded from coverage in the insurance policy. Hartford argues there is no dispute as to the cause of the damages and that EIP's insurance policy does not cover damages arising from earth movement, including

soil conditions caused by water. To support their statement of undisputed facts, Hartford included deposition testimony of Edgar Larson, owner of Larson Construction, the company who constructed the building and repaired the damage to the floors; Shane Solomon, the specific person who excavated the pipe following the event; Jim Ellis, EIP's retained expert engineer; Bret and Jean Kivell, owners of EIP; photos of the damage from EIP; and the insurance policy itself.

EIP filed a resistance and a statement of material disputed facts. EIP argued "the parties dispute the exact nature of the pipe's failure." EIP argued the insurance policy was ambiguous and the policy provides coverage for the collapse or explosion of a building. EIP filed the following statement of material disputed facts:

1. The foundation of EIP's building is undefined and is a question of fact that should be resolved in favor of the Plaintiff.
2. The concrete slab floor is a part of the building.
3. The fire suppression system contains no pumps.
4. EIP employees were present when the water main burst.
5. The floor, a part of the building, collapsed.
6. The fire suppression system damaged more of the building than has been repaired to date.
7. The fire suppression system was damaged in that it exploded and had to be replaced.
8. The floor of the building was rendered unusable by the explosion.
9. The settlement of the floor was the result of the sprinkler main exploding.

A hearing was held in June 2017. The district court found "the settlement of the concrete slab was due to the soils under the concrete slab floor shifting, eroding and/or compacting because water from the underground service line saturated the underlying soils. The alleged damages are excluded per the policy." The district court granted Hartford's motion for summary judgment.

EIP appeals.

## II. Standard of Review.

Orders granting summary judgment are reviewed for correction of errors at law. *Banwart v. 50th St. Sports, L.L.C.*, 910 N.W.2d 540, 544 (Iowa 2018). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3); *accord Rucker v. Humboldt Cmty. Sch. Dist.*, 737 N.W.2d 292, 293 (Iowa 2007).

"A genuine issue of fact exists if reasonable minds can differ on how an issue should be resolved." *Walker v. State*, 801 N.W.2d 548, 554 (Iowa 2011). "A fact is material when it might affect the outcome of a lawsuit." *Banwart*, 910 N.W.2d at 544. "Even if the facts are undisputed, summary judgment is not proper if reasonable minds could draw different inferences from them and thereby reach different conclusions." *Id.* at 544–45.

The moving party bears the burden of demonstrating the nonexistence of a material fact question. *Id.* at 545. "However, the nonmoving party may not rest upon the mere allegations of his [or her] pleading but must set forth specific facts showing the existence of a genuine issue for trial." *Id.* (quoting *Hlubek v. Pelecky*, 701 N.W.2d 93, 95 (Iowa 2005)).

We review the record in the light most favorable to the nonmoving party. *Linn v. Montgomery*, 903 N.W.2d 337, 342–43 (Iowa 2017). "We draw all legitimate inferences the evidence bears that will establish a genuine issue of material fact." *Id.* A legitimate inference is "rational, reasonable, and otherwise

permissible under the governing substantive law." *Banwart*, 910 N.W.2d at 545. "[A]n inference is not legitimate if it is 'based upon speculation or conjecture.'" *Id.* (citation omitted). Speculation is not sufficient to generate a material fact question. *Id.*

**III. Analysis.**

EIP's appeal brief cites case law stating ambiguous insurance policies are to be construed against the insurer. However, EIP does not argue an alternate construction of the policy language it claims is ambiguous. We cannot construct their argument for them. Mention of an issue, without elaboration or supportive authority, is not sufficient to raise an issue for review. *Schreiber v. State*, 666 N.W.2d 127, 128 (Iowa 2003). EIP's claim of ambiguity in the policy language is without merit.

EIP argues there are material facts in dispute, stating the district court "accepted Hartford's theory of the cause of damages in this case at face value. . . . The actual cause of the damages remains a disputed fact." EIP does not supply authority for another basis for causation but rather simply asserts the court should not have accepted the facts submitted by Hartford. Hartford has supported its claimed undisputed facts by reference to the record, including the opinion of EIP's retained expert.

In Hartford's statement of undisputed facts, Hartford established the fire suppression system became disconnected from the water service line, causing water to flow under the building and to leak into the building. Hartford states the floor settling was caused by soil becoming saturated and then recompacting, citing a report and deposition of Ellis, EIP's engineer. Hartford cited the insurance policy,

which states that earth movement is excluded from the policy, including: "Earth sinking (other than sinkhole collapse), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil, and the action of water under the ground surface." The policy also states that it does not cover "shifting" of buildings. Taken in the light most favorable to EIP, Hartford's claimed exclusion is applicable to the facts and supported by the record, including depositions by a contractor, a laborer who performed the repairs to the building, an engineer, and others.

EIP's statement of disputed facts filed in response to Hartford does not cite to any record or authority. EIP made broad, conclusory statements, like "The floor, a part of the building, collapsed," and "The floor of the building was rendered unusable by the explosion." The nine unsupported statements in EIP's statement of material disputed facts are not sufficient to raise a fact issue for trial. *See Hudson v. Williams, Blackburn & Maharry, P.L.C.*, No. 08-0577, 2009 WL 139501, at \*4 (Iowa Ct. App. Jan. 22, 2009) ("The bare conclusory statements contained in Hudson's resistance and statement of disputed facts are not sufficient to defeat the motion for summary judgment."); *see also Schulte v. Mauer*, 219 N.W.2d 496, 500 (Iowa 1974) (stating it is well-settled that "a party must plead ultimate facts [by affidavits or otherwise] and cannot rely upon conclusions themselves" in resisting summary judgment). "To mount a successful resistance, the challenger must come forward with specific facts constituting competent evidence in support of the claim advanced." *Winkel v. Erpelding*, 526 N.W.2d 316, 318 (Iowa 1995); *see also*

*Hoefer v. Wisconsin Educ. Ass'n Ins. Tr.*, 470 N.W.2d 336, 338 (Iowa 1991) ("[T]here is no genuine issue of fact if there is no evidence.").

When the party opposing a motion for summary judgment makes limited resistance, "the facts in the moving party's affidavits are accepted as true for purposes of the motion." *Hildenbrand v. Cox*, 369 N.W.2d 411, 413 (Iowa 1985). EIP declined to present specific facts showing there is a genuine issue for trial. *See* Iowa R. Civ. P. 1.981 ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered."). "Although a nonmoving party is entitled to all reasonable inferences in a motion for summary judgment, that party must identify those facts that support the inference to be drawn." *Hudson*, 2009 WL 139501 at *4 (finding the nonmoving party's statement of disputed facts did not show the existence of a genuine issue for trial when they were not supported by any affidavits or other documents).

Here, the district court was entitled to rely upon Hartford's statement of undisputed facts. The district court did not err in applying the policy to the facts Hartford provided and concluding Hartford was entitled to judgment as a

matter of law.  EIP failed to rebut Hartford's supported facts.  We affirm the district court's summary judgment ruling.

**AFFIRMED.**