Charles A. **THOMAS** and Leesanne S. Thomas, Appellants,

v.

**UNITED FIRE AND CASUALTY COMPANY, Appellee.**

No. 87–850.

Supreme Court of Iowa.

July 20, 1988.

---

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

This provision was incorporated into a policy which plaintiffs purchased from defendant insurer on April 8, 1985. The following day, April 9, 1985, and again on June 3, 1985, the insured property was damaged by fire. Claims for the losses were filed on those same dates.

On September 23, 1985, the insurer wrote to the plaintiffs, claiming fraud and denying coverage under the policy. The letter did not mention, nor were plaintiffs otherwise formally notified of, the twelve-month limitation for filing suit. The letter did however reserve all rights and defenses under the policy and declined to waive compliance with all terms and conditions of the policy. Although six of the twelve months then remained, suit was not commenced until December 8, 1986, long after the twelve-month period expired.

The plaintiffs filed a motion for adjudication of law points, requesting an order finding the one-year limitation provision unconstitutional and invalid. The defendant resisted this motion and filed a motion for summary judgment based on the plaintiffs' failure to bring their action within twelve months after the loss.

The trial court overruled plaintiffs' motion and sustained the insurer's. On plaintiffs' appeal, our review is for correction of errors of law. Iowa R.App.P. 4.

I. The plaintiffs contend section 515.138 denies them equal protection of the laws in violation of the fourteenth amendment of the United States Constitution and article I, section 6 of the Iowa Constitution by treating insureds under fire insurance policies differently from insureds under accident, health, life and uninsurance policies.

C. Joseph Coleman, Jr., and William G. Enke of Mitchell, Coleman, Perkins & Enke, P.C., Ft. Dodge, for appellants.

James L. Kramer and Michael D. Love of Johnson, Erb, Latham, Gibb & Carlson, P.C., Ft. Dodge, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and ANDREASEN, JJ.

HARRIS, Justice.

An Iowa statute allows fire insurance policies to require that suits for fire losses be brought within twelve months of the loss. The trial court rejected this equal protection challenge to the statute and so do we.

Iowa Code section 515.138 (1985) lists various permissible standard provisions for fire policies, including the one challenged here:

The law does not prohibit private agreements which vary general statutes of limitations.[1] *Ryan v. Phoenix Ins. Co.,*

---

1. Iowa Code § 614.1(4) provides that actions founded on unwritten contracts are subject to a

204 Iowa 655, 659–60, 215 N.W. 749, 751 (1927). We long ago applied this principle to allow a shortened limitation provided in a fire insurance policy. *Stout v. The City Fire Ins. Co. of New Haven*, 12 Iowa 371 (1861). The *Stout* policy, like the one here, required the suit be commenced within twelve months of the loss. We upheld the twelve-month limitation notwithstanding a longer limitation period provided by statute. *Id.* at 385–86. We have consistently followed *Stout* ever since. *See Jerrel v. Hartford Fire Ins. Co.*, 251 Iowa 816, 824, 103 N.W.2d 83, 88 (1960). Our holdings have been in accordance with the prevailing view. 44 Am.Jur.2d *Insurance* § 1879, at 878 (1982); 46 C.J.S. *Insurance* § 1256, at 271 (1946).

II. In their equal protection challenge plaintiffs rely on *Miller v. Boone County Hospital*, 394 N.W.2d 776 (Iowa 1986), where we considered an equal protection challenge to an Iowa statute which required a tort plaintiff suing a local government to commence action within six months after injury (or give notice to the local government within sixty days after injury of an intention to bring suit). The statute thus created two classes: plaintiffs injured by local governments and plaintiffs injured by private tortfeasors (who had two years to bring a suit under Iowa Code section 614.1(2)). We found no rational basis for treating plaintiffs injured by local governments differently from plaintiffs injured by private tortfeasors. We said:

> Failure to commence an action within six months unless a notice is given within sixty days arbitrarily bars victims of governmental torts while victims of private

torts suffer no such bar. We conclude such arbitrary treatment violates the equal protection guarantees of our federal and state constitutions .... [R]ather than furthering a legitimate governmental interest, the statute has proved to be a trap for the unwary.

*Id.* at 780.

*Miller* could perhaps be distinguished from the present case on several counts. We rely on the obvious one that no real classification is undertaken under the statute challenged in this case.[2] In an expanded sense most legislation could be said to amount to classification. But classification, as the term is used in implementing the equal protection clause, does not in this larger sense occur every time a legislature acts. We note and approve the following:

> A statutory classification is not void as a denial of equal protection because it is not all encompassing or inclusive; there is no constitutional requirement that the legislation must reach every class to which it might be applied.

> Classification is primarily for the legislature, which, generally, has a wide discretion in respect thereof, and as long as the classification does not permit one to exercise a privilege while refusing it to another of like qualifications, under like conditions and circumstances, it is unassailable on equal protection grounds.

16B C.J.S. *Constitutional Law* § 708, at 505–07 (1985) (footnotes omitted).

▇ The equal protection clause does not assert itself against each and every distinction between the group of persons ad-

---

five-year statute of limitations, and § 614.1(5) provides that actions founded on written contracts are subject to a ten-year statute of limitations.

**2.** Where a classification is undertaken we first determine whether some fundamental right is involved. Statutes of limitation do not implicate fundamental rights. *Koppes v. Pearson*, 384 N.W.2d 381, 384 (Iowa 1986). Hence, if the legislature had distinguished among various fire insurance purchasers we would apply the rational basis test in considering plaintiffs' constitutional claim:

> [W]e are to determine if the classification or distinction drawn by the statute is reasonably

related to some legitimate state interest. The party attacking the classification has the heavy burden of proving the action unconstitutional, and must negate every reasonable basis upon which the action may be sustained. There is, of course, a strong presumption in favor of the constitutionality of any legislative enactment. It is presumed the legislature intended the statute to comply with both the state and federal constitutions.

*Miller*, 394 N.W.2d at 788–79 (quoting *Beeler v. Van Cannon*, 376 N.W.2d 628, 630 (Iowa 1985)). Statutes of limitations generally withstand equal protection challenges, unless unreasonable or discriminatory. 16A Am.Jur.2d *Constitutional Law* § 794, at 937 (1979). ·

dressed by legislation and the rest of society. Classification does not occur when, within a general category of persons of sufficiently widespread dimensions, all members are treated the same.

We think the purchasers of fire insurance qualify as such a general category. Plaintiffs' equal protection challenge is rooted in their assumption that purchasers of all kinds of insurance are to be considered as one group. Under such a view it would amount to "classification" to treat all fire insurance purchasers differently from all purchasers of other kinds of insurance. We find no basis for such a view.

Fire insurance is a vast commercial field with problems and rules of its own. It has similarities with some but not all other forms of insurance. It was long ago recognized that a legislature is not required to fashion the requirements for fire insurance purchasers to conform with those fashioned for other, unrelated kinds of insurance. *See Metropolitan Casualty Ins. Co. v. Brownell*, 294 U.S. 580, 586, 55 S.Ct. 538, 541, 79 L.Ed. 1070, 1074 (1935) (upholding discriminations between life and casualty companies).

Until it is established that challenged legislation amounts to an actual classification, it is not appropriate to argue whether there was a reasonable classification. We think the statute assailed here does not amount to classification, much less to unreasonable classification. For this reason and because the challenged statute does not classify among purchasers of fire insurance, the twelve-month limitation falling alike on any insured, we find plaintiffs' equal protection challenge to be without merit.

III. Plaintiffs separately argue that the trial court holding does not square with our opinion in *C & J Fertilizer, Inc. v. Allied Mutual Insurance Co.*, 227 N.W.2d 169 (Iowa 1975), in which we recognized that insurance policies are different from contracts in which parties actually negotiate terms. We noted that persons interested in buying insurance have virtually no chance of successfully negotiating with an insurance company for any substantial change in the policy. 227 N.W.2d at 173–74. "The insurance company tenders the insurance on a 'take-it-or-leave-it' basis." *Id.* (quoting 7 *Williston on Contracts* § 900, at 29–30 (3d ed. 1963)). On the basis of *C & J Fertilizer*, plaintiffs ask that the twelve-month limitation be stricken under the doctrine of reasonable expectations and as unconscionable.

The facts here fall outside the ambit of our *C & J Fertilizer* holding. There is nothing to suggest these plaintiffs expected anything more than a twelve-month period in which to commence suit. Nor, as plaintiffs would have it, was the provision unconscionable.

We are impressed by the straightforward manner in which the plaintiffs' claims were rejected, at a point when there remained ample time to commence suit within the limitation. The insurer did nothing to mislead the plaintiffs about its rejection of the claims or the twelve-month limitation provision. Finally, plaintiffs make no claim they were unrepresented by counsel at the time their claims were rejected.

AFFIRMED.