James R. VAN DYKE and Susan
C. Van Dyke, Appellees,

v.

IOWA DEPARTMENT OF REVENUE
AND FINANCE, Appellant.

No. 94–1963.

Supreme Court of Iowa.

April 17, 1996.

Rehearing Denied May 23, 1996.

Thomas J. Miller, Attorney General, and James D. Miller, Assistant Attorney General, for appellant.

James R. Van Dyke of Van Dyke & Werden, P.C., Carroll, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

■ The sole issue presented on this appeal is whether the respondent, Iowa Department of Revenue and Finance (IDRF), was precluded from adjusting the 1979 personal income tax liability of petitioners, James R. Van Dyke and Susan C. Van Dyke, by reason of the statute of limitations. The district court, on judicial review of agency action, found the proposed adjustments were untimely based on the provisions of Iowa Code section 422.25(1) (1993). After reviewing the record and considering the arguments of the parties, we reverse the judgment of the district court.

Sometime in 1992, IDRF sought to upwardly adjust petitioners' individual income tax liability for calendar year 1979. The basis for this adjustment was a recently completed federal tax audit by the Internal Revenue Service. Petitioners contend that the proposed state income tax adjustments are precluded by the statute of limitations contained in section 422.25(1).

The statute at issue provides as follows:

1. Within three years after the return is filed or within three years after the return became due, including any extensions of time for filing, whichever time is the later, the department shall examine it and determine the correct amount of tax, and the amount determined by the department is the tax. However, if the taxpayer omits from income an amount which will, under the Internal Revenue Code, extend

the statute of limitations for assessment of federal tax to six years under the federal law, the period for examination and determination is six years. In addition to the applicable period of limitation for examination and determination, the department may make an examination and determination at any time within six months from the date of receipt by the department of written notice from the taxpayer of the final disposition of any matter between the taxpayer and the internal revenue service with respect to the particular tax year. In order to begin the running of the six-month period, the notice shall be in writing in any form sufficient to inform the department of the final disposition with respect to that year, and a copy of the federal document showing the final disposition or final federal adjustments shall be attached to the notice.

Iowa Code § 422.25(1) (1993).

Section 422.25(1) provides three different periods of limitation depending on the facts of the proposed adjustments. These are: (1) a general three-year period of limitations measured from the time the return is due, (2) a six-year statute of limitations in the event a certain amount of income has been omitted from the return, and (3) an additional period that may extend beyond the three-year or six-year periods if the results of a federal tax audit dictate adjustments of Iowa income tax liability. In the present dispute, the proposed adjustments were not made within the three-year or six-year periods provided in the statute. The question we must answer is whether they were authorized by the extended period of limitations applicable to adjustments based on a federal tax audit.

The petitioners urge that the additional time for making state tax adjustments in the event of a federal tax audit only exists if the taxpayers give IDRF the written notice referred to in the statute. Because they gave IDRF no notice of the results of the federal tax audit for 1979, they contend the statute does not extend the time beyond the original three-year or six-year periods. IDRF argues that it is the existence of a federal audit adjustment that gives it additional time to make state income tax adjustments under

section 422.25(1) rather than the giving of notice by the taxpayer. It contends that the statutory language concerning notice by the taxpayer only determines the time within which state revenue officials must act after the federal audit is concluded.

The federal audit extension was added to section 422.25(1) in 1957. As originally enacted, it provided:

Notwithstanding the periods of limitation for examination and determination heretofore specified, the commission shall have six (6) months from the date of final disposition of any controversy between the taxpayer and the Internal Revenue Service with respect to the particular tax year to make its examination and determination.

1957 Iowa Acts ch. 211, § 1.

This statute was amended in 1973 so as to change the phrase:

The department shall have six months from the date of final disposition of any controversy between the taxpayer and the internal revenue service with respect to the particular tax year.

to

The department shall have six months to make an examination and determination from the date of receipt by the department of notice from the taxpayer of the final disposition of any matter between the taxpayer and the internal revenue service with respect to the particular tax year.

1973 Iowa Acts ch. 244, § 1. The statute has been amended two additional times since 1973 in particulars not relevant to the present dispute.

The official explanation of the bill containing the 1973 amendment reads:

This bill allows the Department of Revenue six months from receipt of the final disposition of any controversy between the taxpayer and the Internal Revenue Service to notify the taxpayer of any additional Iowa tax due. Under the present law where no such notification by taxpayer to the Department of Revenue is required, thousands of dollars of Iowa state income taxes found to be due because of Internal Revenue Service audits are lost because of

the limitation periods. This bill will prevent such loss of revenue without increasing any taxes, by merely clarifying a statute of limitation technicality to prevent loss of taxes otherwise clearly due the state.

S.F. 76, 1973 Session, ch. 244.

We have recognized that when statutory interpretation involves amendments to existing law the determination of the primary objective of an amendment requires reference to the prior state of the law and the circumstances surrounding the enactment. *Kelly–Springfield Tire Co. v. Iowa State Bd. of Tax Review*, 414 N.W.2d 113, 115 (Iowa 1987); *City of Des Moines v. PERB*, 275 N.W.2d 753, 760 (Iowa 1979). In interpreting such statutes, we not only consider the language used but also take into account the object sought to be accomplished or the problems sought to be remedied and strive to arrive at an interpretation that will best effect that goal. *Kelly–Springfield Tire Co.*, 414 N.W.2d at 115; *Lau v. City of Oelwein*, 336 N.W.2d 202, 203 (Iowa 1983).

The language of the 1957 amendment leaves no doubt that the federal audit extension, as originally adopted, was triggered by the completion of the federal tax audit. That was a fundamental premise on which the legislation was based. Although the language of the 1973 amendment tends to obfuscate the amended statute's meaning, we are unable to conclude that this fundamental premise of the 1957 legislation was abandoned. As a practical matter, if we were to adopt petitioners' interpretation of the 1973 amendment, the enlargement of time to consider federal audit results would depend entirely on the good graces of the taxpayer. We are convinced that the legislature did not intend that result.

■ We conclude that the 1973 amendment to section 422.25(1) did not alter the condition under which IDRF may make adjustments of Iowa income tax liability based on federal tax audits. It merely changed the formula for measuring the time within which that action must be taken. Until the taxpay-

er gives notice of the federal audit results, the extension of the statute of limitations continues unabated.[1]

Based on our interpretation of section 422.25(1), IDRF's adjustments to petitioners' 1979 personal income tax liability were not untimely. We have considered all issues presented and conclude that the judgment of the district court must be reversed.

**REVERSED.**

---

1. The scope of the matters that may be considered during this extended period is limited to those matters disclosed by the federal audit. *Kelly–Springfield Tire Co.*, 414 N.W.2d at 115.