**IN THE COURT OF APPEALS OF IOWA**

No. 3-1225 / 13-0940
Filed March 12, 2014

**JERRY DONNELL,**
        Plaintiff-Appellant,

**vs.**

**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Benton County, Sean W.

McPartland, Judge.


        Jerry Donnell appeals the district court ruling granting defendant American

Family Mutual Insurance Company's motion for summary judgment.  **AFFIRMED.**


        Matt J. Reilly of Eells & Tronvold Law Offices P.L.C., Cedar Rapids, for

appellant.

        Scott K. Green, West Des Moines, for appellee.


        Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Jerry Donnell appeals the district court ruling granting defendant American Family Mutual Insurance Company's motion for summary judgment. Donnell claims the one-year limitations provision found in the insurance contract is inapplicable as it is contrary to Iowa law; and the limitations provision is unenforceable as it is unreasonable, unconscionable, and contrary to his reasonable expectations. We find the provision is not contrary to Iowa law as it is identical to the standard statute of limitations for fire insurance contracts required by Iowa law. We also find the one-year limitations period is enforceable. We affirm.

I.      **Background Facts and Proceedings**

American Family Mutual Insurance Company (American Family) issued an insurance policy to Jerry Donnell (Donnell) to cover his personal and real property from loss. More than sixteen months after a June 20, 2011 lightning strike to his home, Donnell filed suit against American Family.

American Family moved for summary judgment claiming the suit was barred by the one-year limitations period found within the insurance contract. Donnell resisted the motion by claiming the suit was not barred because a "conformity to state law" provision in the policy reformed the one-year limitations period to comply with Iowa's ten-year limitations period on contract claims. Donnell also claimed the provision was unconscionable, unreasonable, and contrary to his reasonable expectations. Disagreeing, the district court granted American Family's motion.

## II. Standard of Review

We review both the interpretation of insurance contracts and a district court's grant of summary judgment for correction of errors at law. *Boelman v. Grinnell Mut. Reins. Co.*, 826 N.W.2d 494, 500 (Iowa 2013). We review the record in the light most favorable to the non-moving party, granting every legitimate inference that can be reasonably deduced from the evidence. *Id.* at 500–01. Summary judgment is granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

## III. Discussion

### A. Conformity with State Law

Donnell admits the limitations provision in the insurance contract requires all suits under the contract be instituted within one year of the loss. He claims, however, a "conformity with state law" provision requires the contract be reformed to comply with Iowa's ten-year statute of limitations for written contracts. The facts are not in dispute. The issue is one of statutory and contractual interpretation.

The insurance contract's conformity to state law provision reads as follows:

> 4. **Conformity to State Law.** If any part of this policy is contrary to a law of the state in which the described property is located, we agree to alter that part of our policy and make it conform with that state law. However, all other parts of this policy will remain in force and unaltered.

While the typical conformity provision might require conformity with "the" law of the state generally, Donnell interprets this provision to require conformity with "a"

law of the state, meaning the policy must be reformed to follow any individual code section with which it does not comply.

Iowa Code section 614.1(5) (2011) establishes a ten-year limitations period for all written contracts. Donnell contends this is "a" law of the state and the policy should be conformed to comply with it. American Family points out their policy conforms with, and may even be required by, Iowa Code section 515.109(6), which standardizes a twelve-month limitations period for all fire insurance contracts.

Private agreements are allowed to vary the otherwise applicable general statutes of limitation. *See Thomas v. United Fire & Cas. Co.*, 426 N.W.2d 396, 397–98 (Iowa 1988). Fire insurance contracts are reviewed in a particularized and unique way. *Id.* at 399. "We long ago applied this principle to allow a shortened limitation provided in a fire insurance policy." *Id.* at 397–98. One-year limitations provisions have been upheld for fire insurance contracts despite longer periods provided for by statute. *Id.*

The issue here is complicated by the conformity to state law provision. Donnell claims the conformity provision eliminates the permissible shortening of the limitations period and imposes the longer, ten-year period found in Iowa Code section 614.1(5). The policy matches the limitation found in Iowa Code section 515.109(6); accordingly, when the conformity provision speaks of the policy being contrary to a state law, the only possible conflict is with section 614.1(5). We do not interpret the policy to be in conflict with state law. As we have previously explained, parties are free to create a shorter limitations period.

Making such a decision cannot be in conflict with a state law when the parties are not required to strictly adhere to that law, and we do not read the conformity provision to prohibit the parties to accept or reject limitation provisions upon which they have agreed. Our supreme court has specifically held parties are free to reduce the ten-year standard written contract limitations period to a shorter term. *See Faeth v. State Farm Mut. Ins. Co.*, 707 N.W.2d 328, 334 n.3 (Iowa 2005). We cannot say it is a violation of state law to do what is clearly permitted.

We are influenced by the fact a one-year limitations period is standard for fire contracts. Read strictly, Iowa Code sections 515.109 and 614.1 are in conflict. Section 515.109, creates a standard provision for a fire contract and a special limitations period, which differs from the general statute of limitations for all contracts found in section 614.1. The general rule, that a specific statute supersedes a general one, clearly elevates the one-year limitations period in section 515.109(6) over any found in the general statute, section 614.1. *See Olson Enters., Inc. v. Citizens Ins. Co. of N.J.*, 121 N.W.2d 510, 512 (Iowa 1963). Even assuming the provision violates section 614.1, and the conformity provision evidences an intent to waive the right to choose a shorter limitations period, the general section is inferior to the more specific limitations period found in section 515.109. We find the conformity provision does not dictate application of a longer limitations period than is found in the policy.

**B.    Enforceability of the Limitations Clause**

Donnell also claims the limitations period contained within the policy is unenforceable as unreasonable, unconscionable, and contrary to his reasonable

expectations. Donnell relies upon *Robinson v. Allied Property & Casualty Insurance Co.*, 816 N.W.2d 398, 402 (Iowa 2012), to claim any shortening of the statutory limitations period must allow the insured a reasonable time to sue for enforcement of the policy.

In *Robinson*, an insured settled against a tortfeasor for the tortfeasor's policy limits. 816 N.W.2d at 400. The insured then filed suit against their own insurer to cover the remainder of the damages. *Id.* The district court granted summary judgment as the suit was filed after the two-year limitations period contained within the policy. *Id.* Examining the argument concerning reasonableness of the limitations provision similar to Donnell's, our supreme court found the two-year limitations provision to be per se reasonable as it matched the two-year statute of limitations enacted by our legislature for all personal injury claims. *Id.* at 404–05. In the present matter, our legislature has made a similar, arguably more directly applicable, policy determination for commencement of actions on a fire claim. As time goes on, evidence of a fire grows increasingly stale. The shorter limitations period gives insurers confidence claims will be litigated while evidence remains as fresh and available as possible, and protects against suits concerning fire losses where the necessary forensic evidence has been lost. Our supreme court has repeatedly approved of the twelve-month limitation period for fire policies. *See, e.g.*, *Thomas*, 426 N.W.2d at 399 (equal protection grounds); *Stahl v. Preston Mut. Ins. Ass'n.*, 517 N.W.2d 201, 203 (Iowa 1994). Donnell has failed to show, based upon the unique and specific facts of this case, the one-year limitation period is unreasonable.

We also fail to find the policy limitation is unconscionable. "In considering claims of contractual unconscionability, we examine the factors of assent, unfair surprise, notice, disparity of bargaining power, and substantive unfairness." *In re Marriage of Shanks*, 758 N.W.2d 506, 515 (Iowa 2008). It is not enough to show the insured made a bad deal. *See id.* As explained in *Shanks*, there are procedural and substantive elements to unconscionability. *Id.* Neither applies here. Substantively, we first ask whether the terms of the contract are so oppressive that no reasonable person would enter into such a bargain. *Id.* Considering the presence of the same limitations period in state law, we cannot agree the terms are oppressive or unreasonable. Nor is the language buried in fine print or convoluted.

Finally, we find no merit in Donnell's claim the limitations provision is counter to reasonable expectations. An insured should reasonably expect policy provisions established and justified by state law.

Having found the one-year limitations clause enforceable despite the conformity provision, and having found the limitations provision not to be unreasonable, unconscionable, or contrary to Donnell's expectations, we determine the district court was correct in granting American Family's motion for summary judgment.

**AFFIRMED.**