# IN THE COURT OF APPEALS OF IOWA

No. 16-0070
Filed February 8, 2017


**BROOKE BESLER AND WENDY BESLER,**
        Plaintiffs-Appellants,

**vs.**

**DUBUQUE COMMUNITY SCHOOL DISTRICT,**
**CINDY OLDENKAMP, DAVID OLSON, AND**
**LEE KOLKER,**
        Defendants-Appellees,

SHANE OSWALD,
        Defendant.
_____


        Appeal from the Iowa District Court for Dubuque County, Bradley J. Harris,

Judge.


        Plaintiffs appeal dismissal of their claims against a school district and

administrators for alleged sexual abuse by an employee.  **AFFIRMED.**


        David G. Thinnes of Thinnes & Quint Law Offices, Cedar Rapids, for

appellants.

        Douglas M. Henry, Jenny L. Weiss, and Richard W. Kirkendall of Fuerste,

Carew, Juergens & Sudmeier, P.C., Dubuque, for appellees.


        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Brooke Besler graduated from Dubuque Hempstead High School in May 2010. In May 2015, she and her mother, Wendy, brought this tort action against Dubuque Community School District and several Hempstead administrators (collectively DCSD), alleging a Hempstead employee, Shane Oswald, sexually abused Brooke during her time as a student at Hempstead. DCSD filed a motion to dismiss, which the district court granted.[1] The Beslers appeal.

## I.      Standard of Review

We review an order granting a motion to dismiss for correction of errors at law. *Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016). We will affirm if the petition fails to state a claim upon which relief may be granted. *King v. State*, 818 N.W.2d 1, 8 (Iowa 2012). For purposes of our review, we accept as true the petition's well-pleaded factual allegations. *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014).

## II.      Analysis

The Beslers' claims rise or fall with the applicable statute of limitations. They urge us to apply Iowa Code section 614.1(12) (2009) from the general limitations-of-actions provisions of chapter 614:

> An action for damages for injury suffered as a result of sexual abuse, as defined in section 709.1, by a counselor, therapist, or a school employee, as defined in section 709.15, or as a result of sexual exploitation by a counselor, therapist, or a school employee shall be brought within five years of the date the victim was last treated by the counselor or therapist, or within five years of the date the victim was last enrolled in or attended the school.

---

[1] Shane Oswald did not move to dismiss.

Iowa Code § 614.1(12). DCSD, on the other hand, argues that because this action was brought pursuant to chapter 670—the Iowa Municipal Tort Claims Act (IMTCA)—section 670.5 applies:

> Except as provided in section 614.8, a person who claims damages from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss, or injury within the scope of section 670.2 or section 670.8 or under common law shall commence an action therefor within two years after the alleged wrongful death, loss, or injury.

Because the district court agreed with DCSD, it dismissed the Beslers' petition as untimely.

### A. Statutes

A review of the relevant history will aid our analysis of the competing statutes. In 1986, our supreme court held a prior version of section 670.5 unconstitutional. *See Miller v. Boone Cty. Hosp.*, 394 N.W.2d 776, 778–81 (Iowa 1986); *see also Harryman v. Hayles*, 257 N.W.2d 631, 635 (Iowa 1977) (invalidating separate portion of the then-existing statute). Under the version of chapter 670 in force in 1986, "plaintiffs proceeding under the IMTCA without giving notice had only six months to bring suit, [but] persons with claims against private parties were allowed two years [from giving notice] to file suit." *Doe v. New London Cmty. Sch. Dist.*, 848 N.W.2d 347, 351 (Iowa 2014). *Miller* ended with this declaration: "Finally, because section 613A.5 [(the earlier iteration of section 670.5)] is unconstitutional, we hold that Iowa Code chapter 614 is the applicable statute of limitations for all actions arising under chapter 613A [(now 670)]." 394 N.W.2d at 781. A few years later, the supreme court severed "the unconstitutional portion of the statute while retaining the remaining portion."

*Clark v. Miller*, 503 N.W.2d 422, 425 (Iowa 1993). This allowed the two-year limit of section 613A.5 (now 670.5) to stand, for claimants who provided timely notice. "To allow a person to commence a tort action against a unit of local government within two years after giving timely notice is not patently arbitrary." *Id.*; *cf.* Iowa Code § 669.13 (providing two-year limitation period for tort claims against employees of the state government).

In 2007, the general assembly amended the IMTCA's limitations provision to the current version of section 670.5 as reproduced above. The Legislative Services Agency's 2007 Summary of Legislation suggests the new version was expected to be a continuation of the old version:

> The Act eliminates a portion of Code Section 670.5, formerly Code Section 613A.5, requiring a person claiming damages from any municipality on account of any wrongful death, loss, or injury to commence an action within six months after the wrongful death, loss, or injury. This six month statute of limitation period was declared unconstitutional by the Iowa Supreme Court in *Miller v. Boone County Hospital*, 394 N.W.2d 776 (Iowa 1986). The Act retains the remaining portion of Code Section 670.5 that allows a person to commence a tort action against any municipality on account of any wrongful death, loss, or injury within two years after the date of the wrongful death, loss, or injury.

Legislative Servs. Agency, *2007 Summary of Legislation* 83 (July 2007), https://www.legis.iowa.gov/docs/publications/SOL/401775.pdf.

But the evolution of section 670.5 is not our only historical consideration. Prior to the 2007 amendment, our supreme court separately considered whether a "discovery rule" existed under the IMTCA. "This rule simply stated is that a statute does not commence to run until the date of discovery, or the date when, by the exercise of reasonable care, Plaintiff should have discovered the wrongful fact." *Montgomery v. Polk Cty.*, 278 N.W.2d 911, 913 (Iowa 1979). Our supreme

court held the discovery rule did not apply to such cases because the statute was a "statute of creation" for which deadlines were triggered by the "injury." *Id.* at 917. The IMTCA lacked the "elasticity" of other chapters where limitation periods were triggered when a cause of action "accrues," for example. *Id.* at 914; *cf.* Iowa Code § 614.1 ("Actions may be brought within the times herein limited, respectively, after their causes accrue . . . ."). The holding in *Montgomery* has been consistently reaffirmed. *See New London*, 848 N.W.2d at 352–54 (considering pre-2007 IMTCA); *Vachon v. State*, 514 N.W.2d 442, 445 (Iowa 1994); *Callahan v. State*, 464 N.W.2d 268, 270 (Iowa 1990); *Uchtorff v. Dahlin*, 363 N.W.2d 264, 266 (Iowa 1985); *Orr v. City of Knoxville*, 346 N.W.2d 507, 510 (Iowa 1984); *Farnum v. G.D. Searle & Co.*, 339 N.W.2d 392, 396 (Iowa 1983). It also withstood a challenge based on our state constitution's equal protection clause. *See New London*, 848 N.W.2d at 356–60.

The discovery rule is not the only way to provide "elasticity" to a limitations period. Another code section, section 614.8, tolls certain limitation periods for minors and persons with mental illness. Relevantly, it provides:

> Except as provided in section 614.1, subsection 9 [(discussing medical malpractice)], the times limited for actions in this chapter, or chapter 216, 669, or 670, except those brought for penalties and forfeitures, are extended in favor of minors, so that they shall have one year from and after attainment of majority within which to file a complaint pursuant to chapter 216, to make a claim pursuant to chapter 669, or to otherwise commence an action.

Iowa Code § 614.8(2).[2]  Prior to the 2007 legislation, the supreme court had said "[t]he Iowa legislature has never indicated any intent to incorporate a tolling provision in chapter 670, and we decline to do so by relying on the broad language of *Miller*."  *Perkins ex rel. Perkins v. Dallas Center-Grimes Cmty. Sch. Dist.*, 727 N.W.2d 377, 380 (Iowa 2007); *see also Rucker v. Humboldt Cmty. Sch. Dist.*, 737 N.W.2d 292, 295 (Iowa 2007).  The legislative response in 2007 was to amend sections 670.5 and 614.8 to expressly make chapter 670 claims subject to the tolling provisions of section 614.8.  *Compare* Iowa Code § 614.8(2) (1987), *with id.* (2003), *and id.* (2009).

Although the Beslers do not argue the facts of this case would satisfy section 614.8A, they argue the district court's ruling would also unlawfully negate the special statute of limitations for claims of child sexual abuse:

> An action for damages for injury suffered as a result of sexual abuse which occurred when the injured person was a child, but not discovered until after the injured person is of the age of majority, shall be brought within four years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the sexual abuse.

Iowa Code § 614.8A.

### B.     Interpretation

If statutes conflict, we "must attempt to harmonize them in an effort to carry out the meaning and purpose of both statutes."  *Kelly v. State*, 525 N.W.2d 409, 411 (Iowa 1994).  Our principles of statutory construction are well-established:

---

[2] The reference to chapter 670 was added to section 614.8(2) in the same 2007 legislation that amended code section 670.5, discussed above.  *See* 2007 Iowa Acts ch. 110, §§ 2, 5.

When the plain language of a statute is clear, we need not search for meaning beyond the statute's express terms. We may presume the words contained within a statute have the meaning commonly attributed to them. We can resort to rules of statutory construction, however, when a statute's meaning is ambiguous. "A statute is ambiguous if reasonable persons could disagree as to its meaning."

*Oyens Feed & Supply, Inc. v. Primebank*, 879 N.W.2d 853, 859 (Iowa 2016) (citations omitted). Our primary goal is to "ascertain and give effect to the legislature's intent." *Alcor Life Extension Found. v. Richardson*, 785 N.W.2d 717, 722 (Iowa 2010). To do so, "we consider not only the words used by the legislature, but also the statute's subject matter, the object sought to be accomplished, the purpose to be served, underlying policies, and the consequences of various interpretations." *Id.* If a general statute conflicts with a special statutory provision, "they shall be construed, if possible, so that effect is given to both. If the conflict . . . is irreconcilable, the special . . . provision prevails as an exception to the general provision." Iowa Code § 4.7; *see also Johnson Cty. v. O'Connor*, 4 N.W.2d 419, 420 (Iowa 1942) (stating "special limitations prevail over a general limitation").

As demonstrated above, section 670.5 has been the subject of much judicial "surgery." *Perkins*, 727 N.W.2d at 379. In an apparent legislative response, it was amended in 2007. *See* 2007 Iowa Acts ch. 110, § 5. When our statutory interpretation involves amendments, "determination of the primary objective of an amendment requires reference to the prior state of the law and the circumstances surrounding the enactment." *Van Dyke v. Iowa Dep't of Revenue & Fin.*, 547 N.W.2d 1, 3 (Iowa 1996). "[W]e assume the amendment sought to accomplish some purpose and was not simply a futile exercise of

legislative power." *Western Outdoor Adver. Co. v. Bd. of Review*, 364 N.W.2d 256, 258 (Iowa 1985). Based on the Legislative Services Agency's summary and the timing of the legislation—a month after *Perkins* "urge[d] the legislature to examine the statute and clarify its present status," 727 N.W.2d at 377 n.1—the amendment appears to be a response to *Miller*. Concordantly, in its most recent iteration, section 670.5 was made expressly subject to the tolling exception of section 614.8 for minors and persons with mental illness. The legislation adding that exception made no exception for sections 614.8A, 614.1(12), or any other section; and no legislation since then has done so. The contrast is stark: Section 670.5 is a special limitation, to which the legislature has recently attended, specifically applicable to municipal tort claims. If the legislature had intended to include additional exceptions, it could have, but it did not. "We do not search for meaning beyond the express terms of a statute when the statute is plain and its meaning is clear." *In re Det. of Fowler*, 784 N.W.2d 184, 187 (Iowa 2010). Chapter 614, however, provides only for general limitations.

We also consider the timing of the amendment, distinct from its legislative purpose. We use legislative history as a guide to statutory interpretation. *See Doe v. Iowa Dep't of Human Servs.*, 786 N.W.2d 853, 858 (Iowa 2010) ("We also consider the legislative history of a statute, including prior enactments, when ascertaining legislative intent."). Presumably, it follows that recent amendments are more useful than amendments more distant in time. *See State v. Farley*, 351 N.W.2d 537, 538 (Iowa 1984) (considering "[r]ecent" legislative history).

Further, the IMTCA provides the "exclusive remedy for torts against municipalities and their employees." *Rucker*, 737 N.W.2d at 293; *see* Iowa Code

§ 670.4 ("The remedy against the municipality provided by section 670.2 shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the officer, employee, or agent whose act or omission gave rise to the claim . . . ."). The school district and high school at issue herein are municipalities within the meaning of the statute. *See* Iowa Code § 670.1(2). "Suits against the government may be maintained only to the extent immunity has been expressly waived by the legislature." *City of Cedar Falls v. Cedar Falls Cmty. Sch. Dist.*, 617 N.W.2d 11, 18 (Iowa 2000). Private citizens have the right to sue municipalities, "but only in the manner and to the extent to which consent has been given by the legislature." *Rivera v. Woodward Res. Ctr.*, 830 N.W.2d 724, 727 (Iowa 2013) (discussing chapter 669 and state government).

Finally, the substance of section 614.1(12) plainly applies to "a counselor, therapist, or school employee," but has no language implicating employees of the school district beyond the one who committed the alleged sexual abuse—here, Oswald. The statute refers to actions for damages resulting from sexual abuse or exploitation by certain individuals. *See* Iowa Code § 614.1(12). It does not provide for claims against other employees of the school or the school district. Sections 614.1(12) and 670.5 can be harmonized by concluding that claims against the school district and its employees who did not commit sexual abuse must commence within two years of the injury, pursuant to section 670.5, but claims against the employee offender must commence within five years, pursuant to section 614.1(12).

We conclude that the precision and recency of the 2007 legislation, the exclusive remedy intended by the IMTCA, the dominance of special limitations over general limitations, and the necessity of harmonizing statutes when we can do so, make it clear section 670.5, not section 614.1(12), is the limitations period for the Beslers' claims against DCSD in this case. The district court made no error at law when it so decided.

### C. Constitutionality

We are next asked to determine whether section 670.5 is constitutional. The Beslers claim it is not constitutional if it gives public school students only two years to bring their claims (applying the municipality limitation of section 670.5) but gives private school students five years to bring their claims (ignoring that inapplicable limitation). They allege this violates the Equal Protection Clause. *See* U.S. Const. amend. XIV; Iowa Const. art. I, § 6. We review constitutional claims de novo. *See New London*, 848 N.W.2d at 350. Our supreme court has recognized rational bases for distinctions between limitations on legal claims against public and private entities. *See id.* at 356–60. We reach the same conclusion; indeed we are compelled to. *See Figley v. W.S. Indus.*, 801 N.W.2d 602, 608 (Iowa Ct. App. 2011) ("[W]e are not at liberty to overturn precedent of our supreme court."). This claim fails.

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court dismissing the Beslers' claims against DCSD.

**AFFIRMED.**