# IN THE COURT OF APPEALS OF IOWA

No. 16-0011
Filed February 8, 2017

**BRENT A. BUSZKA, TERESA M. BUSZKA, and C.B.,**
     Plaintiffs-Appellants,

**vs.**

**IOWA CITY COMMUNITY SCHOOL DISTRICT,**
     Defendant-Appellee.
_____

     Appeal from the Iowa District Court for Johnson County, Carl D. Baker,

Judge.

     Plaintiffs appeal an adverse summary judgment ruling and dismissal of

their claims against a school district for alleged sexual abuse by an employee.

**AFFIRMED.**

     Steven E. Ballard, Thomas E. Maxwell, and Abigail L. Brown of Leff Law

Firm, L.L.P., Iowa City, for appellant.

     Stephanie L. Hinz and Terry J. Abernathy of Pickens, Barnes &

Abernathy, Cedar Rapids, for appellee.

     Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

C.B. alleges during his enrollment in the Iowa City Community School District (ICCSD) he was abused and assaulted by Donald Clark, an employee of the school district. C.B. and his parents, Brent and Teresa Buszka, brought this action against Clark and ICCSD. ICCSD moved for summary judgment, which the district court granted. The Buszkas now appeal.

## I. Facts

The alleged abuse took place from approximately 2003 to 2005. For the 2005–2006 school year, C.B. enrolled in a different school within the district. C.B. did not disclose the abuse to anyone until 2009. C.B. turned eighteen years old in May 2011. This action was filed in June 2011.

## II. Standard of Review

We review summary judgment orders for correction of errors at law. *Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007). Summary judgment is appropriate if the record shows no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Mason v. Iowa Vision Bd.*, 700 N.W.2d 349, 353 (Iowa 2005). We review the record in the light most favorable to the nonmoving party and draw all legitimate inferences the evidence bears in conducting our review. *Kragnes v. City of Des Moines*, 714 N.W.2d 632, 637 (Iowa 2006).

## III. Analysis

The Buszkas raise several issues on appeal: (1) Iowa Code section 670.5 (2011) should be interpreted to include the tolling provision of section 614.8(2); (2) section 670.5 is unconstitutional; (3) chapter 614 limitations periods are

applicable to chapter 670 claims filed prior to July 1, 2007; (4) section 614.8A is applicable to chapter 670 claims, so 614.8(2) must be; (5) the common-law discovery rule should apply to section 670.5; and (6) section 614.1(12) applies. The Buszkas' claims rise or fall with the applicable statute of limitations. Chapter 614 is the general limitations chapter. Among its provisions is a five-year limitation period:

> An action for damages for injury suffered as a result of sexual abuse, as defined in section 709.1, by a counselor, therapist, or a school employee, as defined in section 709.15, or as a result of sexual exploitation by a counselor, therapist, or a school employee shall be brought within five years of the date the victim was last treated by the counselor or therapist, or within five years of the date the victim was last enrolled in or attended the school.

Iowa Code § 614.1(12).[1] That chapter also includes a minor tolling provision, which, in 2005, relevantly provided: "Except as provided in section 614.1, subsection 9, the times limited for actions in this chapter, except those brought for penalties and forfeitures, are extended in favor of minors, so that they shall have one year from and after attainment of majority within which to commence an action." Iowa Code § 614.8(2) (2005). That subsection was amended in 2007 to provide:

> Except as provided in section 614.1, subsection 9, the times limited for actions in this chapter, or chapter 216, 669, or 670, except those brought for penalties and forfeitures, are extended in favor of minors, so that they shall have one year from and after attainment of majority within which to file a complaint pursuant to chapter 216, to make a claim pursuant to chapter 669, or to otherwise commence an action.

Iowa Code § 614.8(2) (2011). ICCSD argues that, because this action was brought pursuant to chapter 670—the Iowa Municipal Tort Claims Act (IMTCA),

---

[1] This portion of the code was the same at all times relevant to this decision.

section 670.5 applies and provides a two-year limit. In 2005, that section provided:

> Every person who claims damages from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss or injury within the scope of section 670.2 or section 670.8 or under common law shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state time or place or circumstances or the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information within fifteen days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by the injury from giving such notice.

Iowa Code § 670.5 (2005). In 2011, it provided:

> Except as provided in section 614.8, a person who claims damages from any municipality or any officer, employee or agent of a municipality for or on account of any wrongful death, loss, or injury within the scope of section 670.2 or section 670.8 or under common law shall commence an action therefor within two years after the alleged wrongful death, loss, or injury.

Iowa Code § 670.5 (2011). The district court agreed with ICCSD.

### A.    Statutes

A review of the relevant history will aid our analysis of the competing statutes. In 1986, our supreme court held the version of section 670.5 in effect at that time unconstitutional.[2] *See Miller v. Boone Cty. Hosp.*, 394 N.W.2d 776, 778–81 (Iowa 1986); *see also Harryman v. Hayles*, 257 N.W.2d 631, 635 (Iowa 1977) (invalidating separate portion of the then-existing statute). Under that

---

[2] That version remained unchanged in the code until 2007.

version of section 670.5, "plaintiffs proceeding under the IMTCA without giving notice had only six months to bring suit, [but] persons with claims against private parties were allowed two years [from giving notice] to file suit." *Doe v. New London Cmty. Sch. Dist.*, 848 N.W.2d 347, 351 (Iowa 2014). *Miller* ended with this declaration: "Finally, because section 613A.5 [(the earlier iteration of section 670.5)] is unconstitutional, we hold that Iowa Code chapter 614 is the applicable statute of limitations for all actions arising under chapter 613A [(now 670)]." 394 N.W.2d at 781. A few years later, the supreme court severed "the unconstitutional portion of the statute while retaining the remaining portion." *Clark v. Miller*, 503 N.W.2d 422, 425 (Iowa 1993). This allowed the two-year limit of section 613A.5 (now 670.5) to stand, for claimants who provided timely notice. "To allow a person to commence a tort action against a unit of local government within two years after giving timely notice is not patently arbitrary." *Id.*; *cf.* Iowa Code § 669.13 (providing two-year limitation period for tort claims against employees of the state government).

In 2007, the general assembly amended the IMTCA's limitations provision to the current version of section 670.5—which was in effect in 2011—as reproduced above. The Legislative Services Agency's 2007 Summary of Legislation suggests the new version was expected to be a continuation of the old version:

> The Act eliminates a portion of Code Section 670.5, formerly Code Section 613A.5, requiring a person claiming damages from any municipality on account of any wrongful death, loss, or injury to commence an action within six months after the wrongful death, loss, or injury. This six month statute of limitation period was declared unconstitutional by the Iowa Supreme Court in *Miller v. Boone County Hospital*, 394 N.W.2d 776 (Iowa 1986). The Act

> retains the remaining portion of Code Section 670.5 that allows a person to commence a tort action against any municipality on account of any wrongful death, loss, or injury within two years after the date of the wrongful death, loss, or injury.

Legislative Servs. Agency, *2007 Summary of Legislation* 83 (July 2007) (hereinafter 2007 Summary of Legislation), https://www.legis.iowa.gov/docs/publications/SOL/401775.pdf.

But the evolution of section 670.5 is not our only historical consideration. Prior to the 2007 amendment, our supreme court separately considered whether a "discovery rule" existed under the IMTCA. "This rule simply stated is that a statute does not commence to run until the date of discovery, or the date when, by the exercise of reasonable care, Plaintiff should have discovered the wrongful fact." *Montgomery v. Polk Cty.*, 278 N.W.2d 911, 913 (Iowa 1979). Our supreme court held the discovery rule did not apply to such cases because the statute was a "statute of creation" for which deadlines were triggered by the "injury." *Id.* at 917. The IMTCA lacked the "elasticity" of other chapters where limitation periods were triggered when a cause of action "accrues," for example. *Id.* at 914; *cf.* Iowa Code § 614.1 ("Actions may be brought within the times herein limited, respectively, after their causes accrue . . . ."). The holding in *Montgomery* has been consistently reaffirmed. *See New London*, 848 N.W.2d at 352–54 (considering pre-2007 IMTCA); *Vachon v. State*, 514 N.W.2d 442, 445 (Iowa 1994); *Callahan v. State*, 464 N.W.2d 268, 270 (Iowa 1990); *Uchtorff v. Dahlin*, 363 N.W.2d 264, 266 (Iowa 1985); *Orr v. City of Knoxville*, 346 N.W.2d 507, 510 (Iowa 1984); *Farnum v. G.D. Searle & Co.*, 339 N.W.2d 392, 396 (Iowa 1983). It

also withstood a challenge based on our state constitution's equal protection clause. *See New London*, 848 N.W.2d at 356–60.

The discovery rule is not the only way to provide "elasticity" to a limitations period. The minor tolling provision of section 614.8(2), for example, does so.[3] Prior to the 2007 legislation, the supreme court had said "[t]he Iowa legislature has never indicated any intent to incorporate a tolling provision in chapter 670, and we decline to do so by relying on the broad language of *Miller*." *Perkins ex rel. Perkins v. Dallas Center-Grimes Cmty. Sch. Dist.*, 727 N.W.2d 377, 380 (Iowa 2007); *see also Rucker v. Humboldt Cmty. Sch. Dist.*, 737 N.W.2d 292, 295 (Iowa 2007). The legislative response in 2007 was to amend sections 670.5 and 614.8 to expressly make chapter 670 claims subject to the tolling provisions of section 614.8. *Compare* Iowa Code § 614.8(2) (1987), *with id.* (2003), *and id.* (2009). That same legislation, however, provided that the amended language "applies to all complaints, claims, and actions arising out of an alleged death, loss, or injury occurring on or after July 1, 2007." 2007 Iowa Acts ch. 110, § 6.

One additional code section bears introducing. The Buszkas make an argument that assumes Iowa Code section 614.8A would apply to their claims against ICCSD if C.B. had not discovered the causal relationship between the injury and the sexual abuse until after he attained the age of majority. They then use that premise to advance a constitutional argument claiming there is no rational basis to deny their claims since C.B. claims to have discovered the injury prior to becoming eighteen years of age. That statute provides:

---

[3] The reference to chapter 670 was added to section 614.8(2) in the same 2007 legislation that amended code section 670.5, discussed above. *See* 2007 Iowa Acts ch. 110, §§ 2, 5.

An action for damages for injury suffered as a result of sexual abuse which occurred when the injured person was a child, but not discovered until after the injured person is of the age of majority, shall be brought within four years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the sexual abuse.

Iowa Code § 614.8A.[4]

### B.    Interpretation

If statutes conflict, we "must attempt to harmonize them in an effort to carry out the meaning and purpose of both statutes." *Kelly v. State*, 525 N.W.2d 409, 411 (Iowa 1994). Our principles of statutory construction are well-established:

> When the plain language of a statute is clear, we need not search for meaning beyond the statute's express terms. We may presume the words contained within a statute have the meaning commonly attributed to them. We can resort to rules of statutory construction, however, when a statute's meaning is ambiguous. "A statute is ambiguous if reasonable persons could disagree as to its meaning."

*Oyens Feed & Supply, Inc. v. Primebank*, 879 N.W.2d 853, 859 (Iowa 2016) (citations omitted). Our primary goal is to "ascertain and give effect to the legislature's intent." *Alcor Life Extension Found. v. Richardson*, 785 N.W.2d 717, 722 (Iowa 2010). To do so, "we consider not only the words used by the legislature, but also the statute's subject matter, the object sought to be accomplished, the purpose to be served, underlying policies, and the consequences of various interpretations." *Id.* If a general statute conflicts with a special statutory provision, "they shall be construed, if possible, so that effect is given to both. If the conflict . . . is irreconcilable, the special . . . provision prevails as an exception to the general provision." Iowa Code § 4.7; *see also*

---

[4] This section was added to the code in 1990 and has remained unchanged since.

*Johnson Cty. v. O'Connor*, 4 N.W.2d 419, 420 (Iowa 1942) (stating "special limitations prevail over a general limitation").

As demonstrated above, section 670.5 has been the subject of much judicial "surgery." *Perkins*, 727 N.W.2d at 379. In an apparent legislative response, it was amended in 2007. *See* 2007 Iowa Acts ch. 110, § 5. When our statutory interpretation involves amendments, "determination of the primary objective of an amendment requires reference to the prior state of the law and the circumstances surrounding the enactment." *Van Dyke v. Iowa Dep't of Revenue & Fin.*, 547 N.W.2d 1, 3 (Iowa 1996). "[W]e assume the amendment sought to accomplish some purpose and was not simply a futile exercise of legislative power." *Western Outdoor Adver. Co. v. Bd. of Review*, 364 N.W.2d 256, 258 (Iowa 1985). Based on the Legislative Services Agency's summary and the timing of the legislation—a month after *Perkins* "urge[d] the legislature to examine the statute and clarify its present status," 727 N.W.2d at 377 n.1—the amendment appears to be a response to *Miller*. Concordantly, in its most recent iteration, section 670.5 was made expressly subject to the tolling exception of section 614.8 for minors and persons with mental illness. The legislation adding that exception made no such exception for sections 614.8A, 614.1(12), or any other section; and no legislation since then has done so. The contrast is stark: section 670.5 is a special limitation, to which the legislature has recently attended, specifically applicable to municipal tort claims. If the legislature had intended to include additional exceptions, it could have, but it did not. "We do not search for meaning beyond the express terms of a statute when the statute is

plain and its meaning is clear." *In re Det. of Fowler*, 784 N.W.2d 184, 187 (Iowa 2010). Chapter 614, however, provides only for general limitations.

We also consider the timing of the amendment, distinct from its legislative purpose. We use legislative history as a guide to statutory interpretation. *See Doe v. Iowa Dep't of Human Servs.*, 786 N.W.2d 853, 858 (Iowa 2010) ("We also consider the legislative history of a statute, including prior enactments, when ascertaining legislative intent."). Presumably, it follows that recent amendments are more useful than amendments more distant in time. *See State v. Farley*, 351 N.W.2d 537, 538 (Iowa 1984) (considering "[r]ecent" legislative history).

Further, the IMTCA provides the "exclusive remedy for torts against municipalities and their employees." *Rucker*, 737 N.W.2d at 293; *see* Iowa Code § 670.4 ("The remedy against the municipality provided by section 670.2 shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the officer, employee, or agent whose act or omission gave rise to the claim . . . ."). The school district at issue herein is a municipality within the meaning of the statute. *See* Iowa Code § 670.1(2). "Suits against the government may be maintained only to the extent immunity has been expressly waived by the legislature." *City of Cedar Falls v. Cedar Falls Cmty. Sch. Dist.*, 617 N.W.2d 11, 18 (Iowa 2000). Private citizens have the right to sue municipalities, "but only in the manner and to the extent to which consent has been given by the legislature." *Rivera v. Woodward Res. Ctr.*, 830 N.W.2d 724, 727 (Iowa 2013) (discussing chapter 669 and state government).

The substance of section 614.1(12) plainly applies to "a counselor, therapist, or school employee," but has no language implicating employees of the

school district beyond the one who committed the alleged sexual abuse—here, Clark. The statute refers to actions for damages resulting from sexual abuse or exploitation by certain individuals. *See* Iowa Code § 614.1(12). It does not provide for claims against other employees of the school or the school district. Sections 614.1(12) and 670.5 can be harmonized by concluding that claims against the school district and employees who did not commit sexual abuse must commence within two years of the injury, pursuant to section 670.5, but claims against the employee offender must commence within five years, pursuant to section 614.1(12).[5]

Section 614.8A provides a tolling period, but makes no reference to claims brought pursuant to chapter 670. *Compare* Iowa Code § 614.8A, *with* § 614.8(2). It is therefore inapplicable here.

The Buszkas ask us to adopt a discovery rule for IMTCA claims. We decline to do so because adopting a discovery rule for IMTCA claims would be contrary to existing supreme court precedent. *See New London*, 848 N.W.2d at 352–54; *Vachon*, 514 N.W.2d at 445; *Callahan*, 464 N.W.2d at 270; *Uchtorff*, 363 N.W.2d at 266; *Orr*, 346 N.W.2d at 510; *Farnum*, 339 N.W.2d at 396; *Montgomery*, 278 N.W.2d at 917. "We are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). Furthermore, when the legislature amended sections 670.5 and 614.8, it

---

[5] Although we are doubtful C.B.'s attendance at other schools in the district following the alleged abuse would satisfy the requirement to file the suit within five years of when he was last enrolled in or attended "the school," having already concluded section 670.5 controls, we decline to analyze this issue.

could have easily provided a statutory discovery provision for IMTCA claims, but it has never done so.

C.B.'s injury occurred no later than 2005, when the last abuse allegedly occurred. As a "statute of creation," chapter 670 provides "[t]ime to sue . . . runs from the wrongful death, loss, or injury." *Montgomery*, 278 N.W.2d at 917. In 2005, the legislature had "never indicated any intent to incorporate a tolling provision in chapter 670." *Perkins*, 727 N.W.2d at 380. The 2007 Summary of Legislation and the Act amending the statute make clear the 2007 amendment applies to injuries occurring on or after July 1, 2007. *See* 2007 Iowa Acts ch. 110, § 6; *2007 Summary of Legislation* 83. Without the assistance of the minor tolling provision, the Buszkas' claims must be analyzed under the pre-2007-amended version of 614.8(2). That version made no exception for claims brought pursuant to chapter 670.

We conclude that the precision and recency of the 2007 legislation, the exclusive remedy intended by the IMTCA, the dominance of special limitations over general limitations, and the necessity of harmonizing statutes when we can do so, make it clear section 670.5, not sections 614.1(12), 614.8 or 614.8A, is the limitations period for the Buszkas' claims in this case. The district court made no error at law when it so decided.

### C. Constitutional Claims

We are left with the Buszkas' constitutional claims. We review such claims de novo. *Hensler v. City of Davenport*, 790 N.W.2d 569, 578 (Iowa 2010). The Buszkas allege section 670.5 is unconstitutional as applied because it violates the equal protection clause of the Iowa Constitution by (1) treating claims

against private tortfeasors and municipalities differently and (2) treating minors abused before July 1, 2007, differently from minors abused after that date. *See* Iowa Const. art. I, § 6. The Buszkas also allege an interpretation of section 670.5 that applies section 614.8A to chapter 670 claims, but does not apply section 614.8(2) to those same claims, is unconstitutional because "a discrete class of sexually abused minors are effectively prevented from ever seeking justice." Finally, the Buszkas allege an interpretation of section 670.5 that does not incorporate the discovery rule is unconstitutional because there exists no rational basis to differentiate between persons abused by private parties and those abused by municipal actors.

Two of the Buszkas' claims—the first and the last above—allege an unconstitutional public/private distinction. Our supreme court has recognized rational bases for distinctions between public and private entities. *See New London*, 848 N.W.2d at 356–60. We reach the same conclusion; indeed we are compelled to. *See Beck*, 854 N.W.2d at 64 ("We are not at liberty to overrule controlling supreme court precedent."). These claims fail.

In our analysis above, we explained why section 670.5 governs, and not section 614.8A. Nonetheless, we choose to further address the Buszkas' claim related to section 614.8A. Section 614.8A applies when a minor discovers an injury after reaching the age of majority—for example, in a case of repressed memory. *See, e.g.*, *Claus v. Whyle*, 526 N.W.2d 519, 524–25 (Iowa 1994) (discussing victim's "flashback" leading to discovery of abuse). Plainly, it does not apply to this case. There is no evidence C.B. "discovered" his injury at any time other than when it occurred, and in any event, C.B. told others of the abuse

before reaching the age of majority. The statute therefore does not impact C.B.'s rights. *See Frideres v. Schiltz*, 540 N.W.2d 261, 268 (Iowa 1995) (stating "a statute of limitations should not be extended or applied to cases not clearly within the provisions of the statute"). "One to whom application of a statute is constitutional lacks standing to attack the statute on the ground it might be susceptible of unconstitutional application to other persons or in other situations." *State v. Henderson*, 269 N.W.2d 404, 405 (Iowa 1978). While there are "limited" exceptions to that general principle, the Buszkas present no argument implicating those exceptions. *See Broadrick v. Oklahoma*, 413 U.S. 601, 611 (1973). This claim fails.

Finally, we address the Buszkas' claim that section 670.5 is unconstitutional for drawing a distinction between injuries occurring before and after July 1, 2007. We reject this challenge.

> It seems inevitable that a number of litigants will be adversely affected by any change of law. This is a matter which weighs heavily in the consideration of any change. The legislative body or the court which undertakes a change must exercise its best judgment about which point in time would result in the most justice for the most persons.

*Beeler v. Van Cannon*, 376 N.W.2d 628, 630–31 (Iowa 1985). "[T]here is no constitutional requirement that . . . legislation must reach every class to which it might be applied." *Thomas v. United Fire & Cas. Co.*, 426 N.W.2d 396, 398 (Iowa 1988). Unconstitutional classification "does not occur when, within a general category of persons of sufficiently widespread dimensions, all members are treated the same." *Id.* at 399. It was a rational decision by the legislature to, in March 2007, adopt legislation that would take effect in July 2007.

**IV.     Conclusion**

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**